# CHARLESTOWN.

JOHN R. MURDOCK, ADMR. *v.* GEORGE O. WELLES ET AL.

October 31, 1876.

1876.
August Term.

A deed executed on the ninth of August, 1869, but not recorded until seventh of October, is void as to a judgment obtained and entered up on the fifth of October, and duly docketed, according to the provisions of the seventh section of chapter one hundred and thirty-nine of the Code.

Such deed, being made *bona fide* and upon valuable consideration, is not void as to judgments obtained after its recordation.

It is error to decree such deed "null and void" in a decree in favor of the judgment creditor; it should be so held as to the creditor, it being good between the parties.

Where there are several judgment creditors whose judgments are of equal dignity with that of the plaintiff, it is proper they should be convened in a suit by a creditor seeking to enforce his judgment; but if it appears from the pleadings and proof, that such judgment creditors are enforcing their liens or debts in another court, against the parties liable for such other debts, and that there is a large fund under the control of the latter court, applicable to such judgments or debts, it is error to decree the sale of land, on the failure of the debtor to pay the entire amount of such judgment, without taking any steps to ascertain what would remain unpaid, after the application of such fund to the liquidation of such judgments.

The court should, before decreeing the land to be sold, cause an inquiry into that matter, so as to be enabled to prescribe the liens and their priorities, that the rights of all the parties in interest may be protected.

For these reasons an order of sale is reversed and the cause remand-

-ed, with instructions to the circuit court to proceed according to the principles declared.

Appeal from a decree of the circuit court of Wood county, pronounced on the fifth day of January, 1875, in a suit in equity then therein pending, wherein John R. Murdock, Jr., administrator of John R. Murdock, de-ceased, was plaintiff, and George O. Welles, and Mary A. Welles, were defendants; appeal granted on the petition of Mary A. Welles, appellant.

The facts sufficiently appear in the opinion of the Court.

Hon. James M. Jackson, Judge of said circuit court, presided at the hearing below.

*J. R. Hutchinson* for appellant.

*Okey Johnson* for appellee.

EDMISTON, JUDGE:

The plaintiff institutes his suit in chancery in the cir-cuit court of Wood county, to enforce a judgment against the property of Geo. O. Welles. A part of the property sought to be subjected to the payment of said judgment, was a lot of ground containing six acres with a dwelling and other houses thereon, situate in Parkers-burg. This property had been sold, and conveyed by Geo. O. Welles, to his daughter, Mary, by deed, dated ninth day of August, 1869, acknowledged on the tenth of August, and admitted to record on the seventh day of October, 1869. It was made for the consideration of $5,000, two thousand four hundred dollars paid in hand, and the residue to be paid in three installments, with a lien reserved for the unpaid money. The bill al-leged that the plaintiff obtained his judgment at the fall term, 1869, of the circuit court of Wood county. That term of the court commenced in September, and the judgment was actually entered upon the record book on the fifth day of October, 1869. It was charged in the bill that the sale of the house and lot to Mary, was

70

fraudulent and void, being made to hinder, delay, and defraud the creditors of said Geo. O. Welles; and that said property was liable to be sold to pay his said judgment.

It was also charged that said Geo. O. Welles, was endorser or security for a late firm, under the style of Geo. A. Welles & Co., which had failed and been forced into bankruptcy. That these debts amounted to about $50,-000, and judgments had been recorded against said Geo. O. Welles, at the same time that the plaintiff's judgment was. The bill prayed that the deed should be set aside, and the property sold to pay the judgment creditors, and for general relief.

The defendants answered and denied that the deed, or sale, was fraudulent, but averred that it was fair and *bona fide*, and upon valuable consideration.

Geo. O. Welles admitted the existence of the judgments against him, as endorser of the bankrupt firm of Geo. A. Welles & Co., and set forth in his answer that the property of the bankrupts which had been sold in the proceedings in bankruptcy, amounted to $50,000, and claimed that there would be but little, if anything, left to be paid by him, as endorser on said judgments.

The case was referred to a commissioner, to report the jugdments against Welles, their dates and priorities, &c., with what real estate he was owner, subject to the satisfaction thereof.

The commissioner reported all of the judgments had against Geo. O. Welles, as endorser, with that of the plaintiff, and also three other judgments obtained against Welles, before justices, one in favor of A. G. Clark, for $103.95, with interest and costs, which was obtained October 21, 1869. One in favor of Wm. Logan, Son & Co., obtained October 23, 1869, and one in favor of Wm, Logan, Son & Co., for the use of A. Logan, obtained on the day last mentioned.

By an interlocutory decree, the court declared all the said judgments to be liens upon some unsold lands of

Geo. O. Welles, and decreed them to be sold, which was done, leaving no property to be disposed of, except the house and lot conveyed to Mary A. Welles.

Depositions were taken, and other proceedings had, to establish the charge that the sale to Mary was fraudulent. On the ninth of January, 1875, a decree was pronounced declaring the deed null and void, because the judgments constituted liens thereon, and decreed that unless said judgments were paid by Geo. O. Welles, or some one for him, in thirty days, that said property should be sold, &c.

From this decree, Mary A. Welles has appealed to this court.

The charge that the sale to the appellant was fraudulent, in fact, and made to hinder, delay, and defraud creditors, seems, from the very terms of the decree, to have been abandoned by the parties, or overruled by the court. This was clearly right, as the evidence wholly failed to establish such a proposition. The father being honestly and justly indebted to the daughter in the sum of $2,400, his bonds to that amount are surrendered as the hand payment, and she executed her bonds for the residue of the price, with a lien retained upon the property for its payment. The price paid, and to be paid, is found to be the fair value of the property. In fact, there is no circumstance on which to base an argument of fraud, only the fact that the parties, vendor and vendee, bear the relation of father and daughter. And certainly there is nothing in the law, nor public policy, that would, in the slightest degree, interpose any obstacle to the father selling a piece of property to his daughter bona fide, the same as if that relation did not exist.

The decree of the court is evidently based upon other grounds. The judgment in this case was rendered on the fifth day of October, but related back to the eighth of September, that being the first day of the term at which the judgment was rendered. So were all the judgments rendered in court. These judgments were all recorded

in the judgment lien docket within the time prescribed by the 7th section of chapter 139 of the Code. Thus the judgments were valid and binding as such. No default attached to these creditors in obtaining and perfecting their legal rights.

The deed executed in August, was not recorded, as required by law, until October 7, after the date of the judgments. Under these circumstances, it is claimed by the judgment creditors, that the deed is void as to their judgments, because the deed was not recorded prior to such judgments. It was evidently on this ground the circuit court founded its decree. If this deed had been recorded before the commencement of the term at which the judgments were recorded, it would have been superior to the judgments; but as it was not so recorded until after that time, it becomes void as to such creditors.

The 4th and 5th sections of chapter 74 of the Code, provide " any contract in writing made in respect to real estate or goods and chattels, in consideration of marriage, or made for the conveyance or sale of real estate, or a term therein of more than five years, shall, from the time it is duly admitted to record, be, as against creditors and purchasers, as valid as if the contract was a deed conveying the estate or interest embraced in the contract.

"5th. Every such contract; every deed conveying any such estate or term, and every deed of gift, or deed of trust or mortgage, conveying real estate or goods, and chattels, shall be void as to creditors and subsequent purchasers, for valuable consideration, without notice, until and except from, the time that it is duly admitted to record, in the county wherein the property embraced in such contract or deed may be."

The deed under these sections, has no force as to specific creditors, until it is duly admitted to record in the proper county. It is, as to such, utterly void, and the property remains, as to such creditors, the same as though the deed had not been made, or rather the same as if the sale

had not been made. If this deed had not been made, or
if Geo. O. Wells had not sold the property until after
the judgments had been rendered, it would have been
liable to their judgments, and, under the above statute,
that deed is void, and presents no barrier to the enforce-
ment of their judgments until it is recorded. If, as to
these debts, it only has life from the time when it was
recorded, of course it has no force when recorded after
their date. This question is settled and ruled by the
case of *McLure v. Thistle's Exors.*, 2 Gratt. 183.

The decree, therefore, so far as it is founded upon this
principle, is correct so far as the judgments which were
rendered in the circuit court of Wood, are involved; but
as the judgments in favor of Clark & Logan, Son & Co.,
and Logan, Son & Co., for the use of A. Logan, were
rendered after the recordation of the deed, they are in-
ferior to the deed, or the deed is not void as to them.
The decree is therefore erroneous as to these latter judg-
ments. It is also erroneous in decreeing and declaring
the deed made by Geo. O. Welles to Mary A. Welles, to
be null and void, and cancelling the same. It should
have declared the said deed void, as to the judgment
creditors as above specified.

It was error to decree in this case on the state of facts
presented by the pleadings and proofs. The bill and an-
swer, as well as the report of commissioner Powell, show
that the various creditors in the judgments rendered in
court against Geo. O. Welles as endorser for Geo. A.
Welles & Co., were pursuing the firm, and individual
members thereof, in the court of bankruptcy, for the col-
lection of these same debts, and that a large sum, $50,000,
was in the hands of the assignee, applicable to the debts
of that firm, a part of which, at least, would go to the re-
lief of Geo. O. Welles, as endorser. This fund may ex-
tinguish the entire debts, or it may not. Until an in-
quiry was made into this matter, it was error in the court
to charge the property of Geo. O. Welles, with the whole
of these debts, and on his failure to pay the same, to de-

cree his property to be sold. On proper inquiry, it might appear that he would have but little, if anything, to pay, and if so, he might pay the debt of the plaintiff, and save the property in the hands of his vendee. It is never allowable to decree property to sale, until the liens and priorities are ascertained and prescribed. This is necessary to avoid the sacrifice of property, and to give confidence to purchasers, as well as to protect the interest of all parties concerned. The court should, therefore, have stayed the proceedings in this suit, until it was known how much would be released by the judgment creditors in the court of bankruptcy, or it should have caused an inquiry into that matter; and when the liability against Wells was ascertained, then have decreed the sale of his property, for the payment thereof.

The decree rendered on the ninth day of January, 1875, is therefore reversed and annulled with costs to the appellant, to be paid by the personal representative of John Murdock, deceased, out of the unadministered assets in his hands.

And this cause is remanded to the circuit of Wood county, with instructions to proceed in said case according to the principles herein contained, and according to the principles of equity.

The other Judges concurred.

DECREE REVERSED.