H. C. GEARY *et al. v.* W. S. SALISBURY *et al.*

(No. 8156)

Submitted October 29, 1935. Decided December 10, 1935.

*Harper & Baker,* for appellants.
*D. L. Salisbury* and *Lon G. Marks,* for appellees.

KENNA, JUDGE:

H. C. Geary, Lake Geary, J. M. Geary and Earnie Robertson, partners as Geary Brothers Company, brought this suit in the circuit court of Roane County, the object of which is to set aside two deeds dated September 27, 1932, made by Belle Salisbury and W. S. Salisbury to Mary Swift, their daughter, as having been voluntary and for the purpose of hindering, delaying and defrauding creditors. One deed conveyed a tract of 29 acres of surface owned by Belle Salisbury in Geary District, Roane County, to Mary Swift, and the other deed, bearing the same date, conveyed the surface of 42 acres jointly owned by W. S. and Belle Salisbury, the surface of 53¾ acres owned by W. S. Salisbury and one-half of the oil and gas in 44 acres and 53 square rods of land owned by Belle Salisbury to Mary Swift. At the time of the conveyance, there was a deed of trust upon part of the land conveyed, to secure F. T. Trout in an indebtedness, the amount of which does not clearly appear in the record, but which, at the time of the conveyances attacked, was probably in the neighborhood of $500.00. The only evidence in the record concerning the value of the land conveyed fixes the aggregate value of all of it at $2,275.00. The deed of trust referred to was foreclosed, according to the assertion of the brief of defendant in error, May 31, 1933. From the same source, it appears that, in the foreclosure proceeding, the 53¾-acre tract and the 42-acre tract were sold, so that any decree herein will now operate only upon the tract of 29 acres of surface and the mineral interest in the 44 acres and 53 rods.

At the time that the conveyances under attack were made, W. S. Salisbury and Belle Salisbury were indebted to the plaintiffs and for some time had failed to respond to impor-

tunities for payment. After the deeds were executed, the defendants discussed the matter of the indebtedness with the plaintiffs, or with some one or more of them, on more than one occasion without disclosing the fact that they had conveyed all of their property away. The fact that the deeds had been made was not discovered by the plaintiffs until approximately eight months after their date. In the meantime, the circumstances disclosed quite clearly that the plaintiffs were looking to the property of the defendants, W. S. and Belle Salisbury, as the means of collecting their account.

The plaintiffs in error contend that they have established definitely:

First: That the grantors remained in possession after the execution and recordation of the deeds of September 27, 1932, and that nothing in the record appears to make that possession and exercise of dominion and control over the property conveyed, consistent with the ownership of the grantee in the deeds. This is true with the possible exception of the oil and gas interest, rentals under which appear to have been paid to Mary Swift after the date of the deeds. This would probably result from the record transfer of the title. Under all of the authorities, and notably under our own case of *Colston v. Miller,* 55 W. Va. 490, 47 S. E. 268, where it is said at page 497, speaking of the retention of possession by the grantors in a deed attacked as fraudulent: "Its effect is to cast upon the parties the burden of clearly showing that it is not in fact inconsistent with the conveyance as it appears to be," this constitutes a badge of fraud.

Second: The fact that although the contention of both the grantors and the grantee in the deeds of September 27, 1932, is that the consideration was $200.00 paid at and before the execution of those deeds and $400.00 to be paid at the rate of $40.00 a month thereafter, there was no evidence, by reservation of lien, by promissory note or otherwise, of any indebtedness of the grantee to the grantors.

Third: The fact that the contended deferred payments were each met in cash at the home of the grantors to which the grantee would have to travel forty-six miles monthly over well nigh impassable roads in the winter time and that re-

ceipts in exactly the same language, the same handwriting and the same shade of ink were taken by the grantee.

Fourth: The fact that the deeds were acknowledged at the county clerk's office of Roane County at a time when the grantors and the grantee were both present, and that the deeds were recorded by the grantors.

Fifth: The fact that Belle Salisbury, soon after this suit was brought, at once filed a voluntary petition in bankruptcy, in the schedule of which she declared under oath that there were no debts due her, while the fact of the matter was that there was still one forty-dollar payment, according to her contention in this suit, owed by Mary Swift.

Sixth: The fact that both of the grantors were, by the deeds under attack, entirely denuded of the means of paying their debts.

The plaintiffs in error urge that these established circumstances have their effect in showing the purpose of the grantors to hinder, delay and defraud their creditors greatly intensified and accentuated by the admitted fact that the conveyances of September 27, 1932, were made by parents to their daughter.

There can be no doubt, we believe, but that, upon the uncontradicted proof, there is disclosed by this record the foregoing formidable array of circumstances indicative of a purpose on the part of the grantors, with the knowledge of the grantee, to hinder, delay and defraud creditors.

Still another circumstance not mentioned in the argument is the fact that the grantee, within about eight months after the conveyances of September 27, 1932, permitted two of the four tracts that had been conveyed to her to be sold under a deed of trust known by them to have been an incumbrance at the time of their purchase. This is relied upon by the defendants in error as showing that the true consideration at the time of the conveyances which moved from the grantors to the grantee was the two unincumbered interests only, and that because the other two tracts were sold at a foreclosure sale in May, 1933, they are not now before the court, nor to be taken into consideration in determining the adequacy of the considerations paid in September, 1932. This reasoning, we believe, is clearly illogical.

There can be no doubt but that the circumstance of the grantors remaining in possession without a lease or other means of accounting for that fact, after they had disposed of all interest in the property, coupled with the fact that their deeds were made to their daughter, places definitely upon the grantee in the conveyances the burden to establish clearly and convincingly the fact that the deeds were *bona fide* and based upon an adequate consideration. *Colston* v. *Miller*, 55 W. Va. 490, 47 S. E. 268. We are of the opinion that, in this case, she has failed to discharge that requirement. The proof tendered on behalf of the defendants below was contradictory in many of its details, and while we realize that too close a conformity in the statements of witnesses is in itself sometimes a suspicious circumstance, we nevertheless feel that these contradictions, taken in connection with the weaknesses inherent in the defendants' theory of the case, are significant. With the exception of one small money order, no written evidence of which is produced, the entire consideration of $600.00, on defendants' theory, was paid either in cash or groceries. On every occasion of making a deferred payment, the actual money or groceries were carried a distance of forty-six miles and were there delivered to the grantors in person, and careful receipts taken, although there was no evidence of indebtedness on the part of the grantee to the grantors. There is no single circumstance relied upon by the grantors, proof of which does not spring from those immediately concerned in the transaction and closely related to them by either blood or marriage. We do not consider it necessary to elaborate upon this phase of the case. We are of the opinion, from the whole proof, that the defendants below have plainly fallen short of that degree of convincing proof that we consider necessary to overcome the case made by the proof of the plaintiffs.

The decree of the circuit court of Roane County will, therefore, be reversed and the cause remanded for further proceedings in that court in conformity to this opinion.

*Reversed and remanded.*