HATTIE WILT *v.* T. L. SHAFFER *et al.*

(No. 8236)

Submitted March 3, 1936. Decided March 24, 1936.

*E. Wayne Talbott,* for appellant.
*William M. Harmon,* for appellee Hattie Wilt.
*Wm. T. George,* for appellee C. E. Lawhead.

KENNA, JUDGE:

Hattie Wilt brought this suit in equity in the Circuit Court of Barbour County against T. L. Shaffer, Heliotrope Shaffer, Nelson A. Williams, Byron Shaffer, and Byron Shaffer, Administrator of the estate of G. W. Shaffer, deceased, filing her bill of complaint at August Rules, 1934. The bill of complaint alleges that on September 15, 1930, the plaintiff loaned to the defendant, T. L. Shaffer, the sum of $1,425.00, accepting the interest-bearing negotiable promissory note of the defendant, T. L. Shaffer, with S. L. Ashby as an accommodation co-maker. The bill of complaint alleges that on May 24,

1934, the plaintiff brought notice of motion against Shaffer and Ashby for the balance of the note and interest amounting to $1,683.83; that on June 14, 1934, judgment was rendered by default against Shaffer and the case continued as to Ashby; that the judgment against Shaffer was duly docketed in the county court of Barbour County on June 15, 1934; that on the 7th day of June, 1934, the defendant, T. L. Shaffer, who was at that time insolvent, without receiving a consideration deemed valuable in law, conveyed to Nelson A. Williams a valuable farm owned by him in Barbour County, West Virginia, and certain personal property thereon situated with the purpose to hinder, delay and defraud his creditors, and more particularly the plaintiff; that by the conveyance, the defendant, T. L. Shaffer had conveyed to Williams all of the property that he owned at the time; that Shaffer still retained possession of the farm in spite of the conveyance to Williams; and that there are no other liens upon the farm conveyed by Shaffer to Williams other than that of a judgment in the sum of $266.48 and $4.00 costs rendered on January 6, 1934, in favor of Byron Shaffer, administrator of the estate of G. W. Shaffer, deceased. The bill prays that the deed dated the 7th day of June, 1934, from T. L. Shaffer and wife to Nelson A. Williams may be set aside in so far as the rights of the plaintiff are concerned, and that the land may be subjected to her debt and to the amount of the judgment lien in favor of Byron Shaffer, administrator, in the event the latter claim should be established as *bona fide* in this proceeding.

The lower court decreed relief in favor of the plaintiff, and the defendant, Nelson A. Williams, prosecutes this appeal.

The first error assigned is the failure of the trial court to sustain the demurrer to the bill of complaint. We regard the bill of complaint as sufficient. It alleges that, being indebted to the plaintiff and pending the proceeding in the name of the plaintiff, to recover a judgment against him for that indebtedness, the defendant,

T. L. Shaffer, being then insolvent conveyed away all of his property to the defendant, Nelson A. Williams, who was informed of the purpose of Shaffer to defraud his creditors. This is a sufficient allegation of fraud, and, if proven, would justify the decreeing of relief as against both Shaffer and Williams. *Butler* v. *Thompson,* 45 W. Va. 660, 31 S. E. 960, 72 Am. St. Rep. 838.

The appellant insists that it was error for the trial court to refuse either to grant a continuance for the purpose of permitting him to take depositions or to permit him to take evidence at the bar of the court. Inasmuch as the taking of proof at the bar of the court in a chancery cause requires, under Code, 56-6-38, the agreement of counsel for the parties, which does not appear to have been effected in this case, this assignment of error will be considered on the motion for a continuance.

The suit was brought on the 18th day of July, 1934, process returned executed and the bill filed at August Rules, 1934. Williams filed his demurrer at August Rules, specifying ten grounds, which was signed by W. Bruce Talbott, as his counsel. At the October term, the demurrer was overruled and the petition of C. E. Lawhead, receiver of the Peoples Bank of Philippi, was filed. At a later day of the same term, Williams filed his demurrer to the petition of Lawhead, receiver. On the same day, Williams filed his answer to the bill of complaint setting up that he had paid $1,500.00 to T. L. Shaffer for the farm conveyed by Shaffer to him, that at the time of receiving the conveyance from Shaffer he knew nothing of any of Shaffer's debts nor of the plaintiff's claim against Shaffer, and denying generally all knowledge of any fraud on the part of Shaffer, as well as knowledge of any purpose on Shaffer's part to hinder, delay or defraud his creditors. The answer further alleges that Shaffer is in possession of the farm by virtue of a reservation of possession contained in the deed that he made to Williams. This answer was filed by order entered October 17, 1934, which, at the same time, over-

ruled the demurrer to the petition of C. E. Lawhead. Nothing more was done until the 11th day of December, 1934, when the plaintiff took her depositions and rested her case.

Mr. W. Bruce Talbott, who had represented Williams in the filing of his answer, left Barbour County and went to practice law in Pennsylvania some time in March, 1934. He had been practicing at Philippi under the firm name of Talbott & Talbott with his brother, E. Wayne Talbott. There was no partnership agreement between them, but they were held out to the public at large as constituting a law firm. E. Wayne Talbott had attended, at the request of his brother, W. Bruce Talbott, the taking of the plaintiff's depositions on December 11, 1934. The hearing of the case was on April 2, 1935, and the decree complained of was entered April 23, 1935.

Two or three days before the hearing, William M. Harmon, attorney for the plaintiff, informed E. Wayne Talbott by letter that he proposed to ask for a decree in the cause upon the opening of the April term. Mr. Talbott informed Mr. Harmon that he was not ready to submit the case, but that he would be obliged to move the court either to continue it or to accord him the right of taking his proof in open court. He asked Mr. Harmon to agree to the latter course, and states that he understood Mr. Harmon to acquiesce. Mr. Harmon states that he informed Mr. Talbott that he would agree provided all other counsel in the case would agree to taking proof in open court. This, the record shows, could not be effected. When Mr. Talbott appeared in open court and moved that the case be continued or that he be allowed to take his testimony at the bar of the court, it developed that he had not seen Nelson A. Williams since December 11, 1934, when the plaintiff's depositions were taken. He had recently talked to T. L. Shaffer about the case. Nelson A. Williams apparently was not in court. At the time that Mr. E. Wayne Talbott had last seen Mr. Williams, Mr. Williams had been represented by his brother, W. Bruce Talbott. It was quite natural under these

circumstances for Mr. E. Wayne Talbott to appear, in the absence of other counsel, and to do what he could to protect the interests of his brother's former client. Nevertheless, there is nothing in this record that shows a definite employment of Mr. E. Wayne Talbott by Nelson A. Williams. The record fails to disclose that Mr. Talbott had a communication from Williams since it had become necessary, by reason of the absence of Mr. W. Bruce Talbott, for Williams to employ other counsel. Mr. E. Wayne Talbott stated definitely that Mr. Williams had not agreed to pay him a fee. Almost four months had expired since the plaintiff had concluded her proof, and several weeks had gone by since Mr. W. Bruce Talbott had moved from Barbour County to the State of Pennsylvania. Ample opportunity had existed for Nelson A. Williams to employ counsel, and to otherwise look after his interests in the suit. There had been opportunity after Mr. Harmon notified Mr. E. Wayne Talbott that he would ask for submission of the case for Nelson A. Williams to be present at the time of that submission. He was not present. Under all of these circumstances, we are of the opinion that there was a total failure on the part of the defendant, Nelson A. Williams, to make a showing of diligence, or, in fact, of any effort whatever to present his defense. We are therefore of the opinion that the trial court did not err or abuse its sound discretion in declining to continue the cause and in declining, without the consent of counsel of record, to take proof at the bar of the court.

There are several assignments of error based upon an alleged insufficiency of the proof to sustain the allegations of the plaintiff's bill. T. L. Shaffer did not answer the plaintiff's bill. The decree does not state that the cause came on to be heard upon the bill taken for confessed as to T. L. Shaffer, but since the record shows that the bill was filed at August Rules and regularly matured, and since it appears that no answer nor other appearance was entered by T. L. Shaffer, either at Rules or in open court, it follows as a matter of law that the bill of complaint was in fact taken for confessed as to him (Code,

56-4-49), and that the cause was heard upon that state of the record, regardless of whether the decree itself recites that the cause was heard upon bill taken for confessed as to Shaffer. The fact that it was so heard unmistakably appears from the record, and the recital to that effect in the decree would have served only to emphasize the existing fact.

The answer filed by Nelson A. Williams does not put in issue the principal charge of the bill of complaint to the effect that the deed to him was executed by T. L. Shaffer for the purpose of hindering, delaying and defrauding his creditors. It simply puts in issue the fact of Nelson A. Williams' knowledge or notice of the fraud, and the allegation of the bill to the effect that no good and valuable consideration was paid by Williams to Shaffer. Therefore, the bill of complaint taken for confessed as to Shaffer has the effect of establishing for the purposes of the case the allegation of fraudulent purpose on Shaffer's part. When this purpose is once established and when the grantee in the deed seeks to defend on the ground that he paid an adequate consideration and had no knowledge of the fraud on the part of the grantor, the burden of proof rests squarely upon the grantee defendant to establish a *bona fide* consideration paid for the land. *Geary* v. *Salisbury*, 116 W. Va. 718, 182 S. E. 828; *Ridenour* v. *Roach*, 77 W. Va. 551, 87 S. E. 881; *Bland* v. *Rigby*, 73 W. Va. 551, 80 S. E. 953; *Colston* v. *Miller*, 55 W. Va. 490, 47 S. E. 268.

The plaintiff adduced proof tending to establish (1) that the conveyance to Williams covered all of the property of Shaffer; (2) that Williams had stated in responding to inquiries that the conveyance was made, not for the consideration of $1,500.00, recited in the deed and set up in Williams' answer, but for a pre-existing debt that Shaffer owed him; (3) that Shaffer remained in possession of the property in spite of the deed to Williams. It is contended by the defendant in error that this possession of Williams was under the terms of the deed, and it is true that the deed provided that Shaffer might remain in possession until December 1st. There

is, however, proof from which the inference could be drawn that Shaffer was in possession on December 11th, when the plaintiff took her depositions. Such possession would be in derogation of the terms of the deed. Coupled with this inference is the fact that Williams himself was attending Davis & Elkins College, and hence not himself in actual occupancy of the Shaffer farm. The retention of possession by the grantor in derogation of the grant is a badge of fraud. *Geary* v. *Salisbury,* 116 W. Va. 718, 182 S. E. 828; *Colston* v. *Miller,* 55 W. Va. 490, 47 S. E. 268. We therefore conclude that the evidence would not have justified the trial court in holding that the allegations of Williams' answer had been established, and that the trial court did not err in setting aside the deed from Shaffer to him.

Another assignment of error is the fact that the cause was not referred to a commissioner in chancery to state an account showing the liens and their priority before decreeing sale of the land. In a suit to set aside a fraudulent conveyance in so far as the debt of the plaintiff is concerned, and to subject the land in the hands of the grantee to the plaintiff's claim against the grantor, it is not necessary to convene the creditors of the grantor. The rule in such a case is to be distinguished from the rule applicable to suits for the purpose of subjecting land of the judgment debtor to the lien of a judgment. *Dudley* v. *Buckley,* 68 W. Va. 630, 70 S. E. 376, Pt. 10, Syl. See also *Dent* v. *Pickens,* 50 W. Va. 382, 40 S. E. 572, where the question is discussed at page 388 of the opinion. See further, *Moore* v. *Cunningham,* 27 W. Va. 206, Pt. 5, Syl., and the discussion at page 210 of the opinion.

Another assignment of error is based upon the fact that the trial court reserved to C. E. Lawhead, receiver, the right to share in the funds arising out of the sale before his petition had been matured, and before proof had been taken thereon. We are of the opinion that this was error. The petition of Lawhead, receiver, set up a judgment against T. L. Shaffer and prayed that petitioner be made one of the parties plaintiff to the cause. The

decree of sale does not adjudicate the claim of Lawhead, receiver. Although it is not necessary in suits to set aside a conveyance as voluntary and fraudulent and to subject the land in the hands of the grantee to the debt of the grantor, that the creditors of the grantor be convened, it nevertheless is necessary in that sort of suit that the claims before the court and their priorities be adjudicated before a sale of the land is decreed. *Murdock, Admr.* v. *Welles,* 9 W. Va. 552, Pt. 5, Syl., and discussion at page 558 of the opinion. See also *Dent* v. *Pickens,* 50 W. Va. 382, 40 S. E. 572, and discussion at page 388 of the opinion.

In view of the determination of the assignment of error last discussed, and in view of the fact that this cause is to be remanded for further decree before sale, we are impelled to call attention to still another phase of the decree of sale before us. In giving to the defendant, T. L. Shaffer, a day in which to redeem, the trial court, in fixing the amount for which the redemption could be effected, considered only the claim of Mrs. Hattie Wilt. The liens and priorities should be fixed before the decree of sale is entered or as a part of the same decree. When the liens and their priorities are established, the defendant should be given a day in which to redeem for the aggregate amount of all of the liens. The redemption should not be confined to the amount of the lien sued upon. This is because the amount paid in redemption should operate to discharge the land from the suit, and this result could not be accomplished by paying one only of the adjudicated claims.

In conformity to what has been said, the decree of the Circuit Court of Barbour County is reversed in so far as it fails to adjudicate the liens and their priorities before decreeing a sale of the land and in so far as it fails to fix the proper amount for which the land may be redeemed by the defendant from the effect of the decree. The case is remanded for further decree in these respects. In all other respects, the decree of the Circuit Court of Barbour County is affirmed.

*Reversed in part; affirmed in part; remanded.*