# CHARLESTON.

Hart *v.* Issaacsen *et al* and Curtin & Co. *v.* Isaacsen *et al.*.

Submitted November 17, 1904—Decided November 29, 1904..

1. Subrogation.—*Mortgage—Notice of Claim.*

　　H. negotiated the purchase of two hundred acres of land for I.; but with the understanding and agreement between them at the time, that I. was to pay the purchase money therefor, which he did; and was to have one hundred acres of the land, with all of the oak and poplar timber on the whole tract. For his services in making the purchase, H. was to have one hundred acres of the land, to be taken from the end thereof, which he might select. The title bond for the land was taken in the name of I. One hundred acres of the land was surveyed and platted to H. with the acquiescence of I. Afterwards, I. executed to C. & Co. a mortgage on the two hundred acres, and still later, took from the vendors a deed for the land in his own name; but C. & Co. had no knowledge or notice of the claim to, or interest of H. in the land, at the time of the execution and delivery of the mortgage to them. *Held,* That I. took the legal title to the land and holds the same as trustee for H. to the extent of the right and interest of H. in the land; but that the mortgage of C. & Co. binds the one hundred acres selected by, and laid off to, H. as aforesaid, for the balance of the mortgage debt, after applying thereon the proceeds of the sale of the residue of the mortgaged property. (p. 319).

Appeal from Circuit Court, Randolph County.

　Bills by Marshall Scott against Leon Isaacsen and others,. and by Curtin & Co. against the same defendants. From the decrees, defendant A. P. Hart appeals.

*Reversed.*.

C. H. Scott, for appellant.

Harding & Harding and W. B. Maxwell, for appellees..

Miller, Judge:

　This is an appeal from a decree of the circuit court of Randolph county, made in the two causes above styled, heard together. They were here once before, *Curtin et al.* v. *Isaacsen et al.,* 36 W. Va. 391; but the question now before the Court was not then adjudicated. The sole controversy now is be--

tween appellant, Alexander P. Hart, and appellees, Curtin & Co., as to the ownership of, and right to, a parcel of one hundred acres of land, part of a two hundred acre tract, situate on Roaring Creek in said county.

Defendant, Leon Isaacsen, conveyed the two hundred acre tract to Curtin & Co. by his deed, which was and is a mortgage, bearing date on the 22d day of April, 1889, and which was duly admitted to record on the following day. It recites a consideration of $8,935.25, theretofore advanced by the grantees to the grantor, then due and payable. Isaacsen did not then have the legal title to the land.

On the first day of April, 1888, and prior thereto, the tract of land was owned by M. W. Harrison and Thomas A. Edwards, who lived at Weston in Lewis county. Isaacsen desired to buy the land. It adjoined the land on which Hart lived. Hart was well acquainted with the land and the timber thereon. In his answer, Hart says that, on or about the date last aforesaid, Isaacsen agreed with him that, if he would go to Weston and buy the land, at a price not to exceed four dollars per acre, that he, Isaacsen, would pay for it; take all the oak and poplar timber thereon, and one hundred acres thereof; and that Hart should have the other one hundred acres, with the right to choose which end of the tract he would take; that thereupon Hart went to Weston; agreed with the owners upon terms of purchase; returned to Grafton and received Isaacsen's check for eight hundred dollars; went back with it to Weston, delivered it to Harrison and Edwards as payment for the land; and took from them a title bond, or contract in writing, showing that Isaacsen had become the purchaser of the land. Why the deed was not then executed by the vendors does not appear. The deal was thus consummated on the 12th day of April, 1888. Hart further alleges that, in pursuance of the said contract of purchase and by reason thereof, Isaacsen procured one Milton Hart, a surveyor, to survey said tract of land, to make a plat thereof, and to divide the same between himself and the respondent, which was done about April 3, 1889, after Isaacsen had taken the poplar and part of the oak timber from the one hundred acres, which was selected by respondent, as his share of the land, and which was so laid off to him by said Milton Hart; that respondent has had actual possession of his part of said tract

of land, claiming to own the same under his contract with Isaacsen from that time to the present, and that his ownership thereof is good, notwithstanding the fact that Isaacsen has declined to give him a title bond or contract in writing, showing his ownership as aforesaid. Respondent then prays that before any decree be rendered in the cause for the sale of the two hundred acres of land, that the said one hundred acres thereof, so laid off to him by Milton Hart, be exempted and relieved from the operation of the said deed of April 23, 1889, and that the allotment of said tract of land so made by Milton Hart, and of which he made a plat, be confirmed.

On the 12th day of May, 1899, M. W. Harrison, S. E. Harrison and Mary O. Edwards filed their answer, accompanied by a deed of said last named respondents to Isaacsen for the two hundred acres, of land. This deed bears date on the 18th day of July, 1894; is executed by M. W. Harrison, Sarah E. Harrison, his wife, and Mary O. Edwards, as widow and devisee of Thomas A. Edwards, deceased; recites the payment of eight hundred dollars theretofore paid to said M. W. Harrison and Thomas A. Edwards, as a consideration for the land, and describes it by metes and bounds. To the answer of Alexander P. Hart, Curtain & Co. filed a special reply in writing, denying specifically all the material allegations therein.

At the January term, 1901, the circuit court further heard the causes on the sole matter in controversy and decreed that Curtain & Co., without further conveyance thereof, were and should be the owners in fee of the whole of said two hundred acres of land. including the one hundred acres, part thereof, claimed by appellant Hart.

From this decree Hart was granted an appeal, and says that the circuit court erred to his prejudice, because it found against him, and refused to compel a conveyance of said one hundred acres of land to him; and because the whole of said two hundred acres, inclcuding the one hundred acres thereof claimed by petitioner, was decreed to Curtin & Co. There are other assignments of error, but the decision of the question above stated will determine the controversy.

Appellant claims the right to specific performance of his alleged contract with Isaacsen and to have a conveyance of the one hundred acres of land from Isaacsen, or his vendees, Curtin

& Co. This involves an examination and consideration of the evidence.

The testimonny clearly and conclusively proves the truth of the allegations in the answer of respondent, A. P. Hart, as to the purchase of the two hundred acres, and also that Isaacsen employed Milton Hart, a surveyor, to survey the parcel of one hundred acres of land in controversy; that on or about the third day of April, 1889, Milton Hart surveyed and laid off one hundred acres of the land as claimed by A. P. Hart, and made and delivered to him a plat thereof, which is made a part of the record; and that afterwards the surveyor communicated to Isaacsen what he had done, and received from Isaacsen his pay therefor.

The sale of the land by Harrison and Edwards to Isaacsen, through Hart, was consummated on the 12th day of April, 1888. On the 22d day of April, 1889, before he had obtained the legal title thereto, Isaacsen, by his deed, and another written contract of that date, conveyed the said two hundred acres to Curtin & Co., but this deed and written agreement were treated together by Curtin & Co. as a mortgage, and so held by this Court *supra*. Before that date, A. P. Hart, having fully performed his agreement with Isaacsen, as to the purchase thereof, was the equitable owner of one hundred, of the two hundred, acres of land, and was then entitled to the legal title to the same from Isaacsen. "Where two or more persons purchase or acquire lands under a specific agreement between themselves, and pursuant to such agreement, the legal title to the lands, is taken in the name of one of them, the holder of said title is a trustee for the others to the extent of the interest of such others in said lands." *Despard* v. *Despard,* 53 W. Va. 443. See also cases cited in Hyde's W. Va. Dig. Vol. 3, on Resulting and Implied Trusts; I Perry on Trusts, section 126 *et seq;* Underhill on Trusts and Trustees, 160.

But there is no allegation by Hart in his answer that Curtin & Co. had any notice or knowledge of his interest in, or claim to, the land at the time the conveyance of the 22d day of April, 1889, was executed by Isaacsen and accepted by Curtin & Co. The testimony on this point does not sufficently prove either actual or constructive notice to them. Hart's evidence as to his possession

.of the land, it being the only evidence introduced on that question, is as follows:

"What has been the character of your possesson of said 100 acres of land from the time of your said purchase from Harrison and Edwards up to the present time? Ans. My possession is, that it joins the land I reside on, and I have a little cleared on the 100 acres and have the cleared part under fence.

"When did you make said improvements on said 100 acres of land? Ans. In May, I think it was, last spring."

It appears from the record, and admission by counsel in court, that the land which Hart says he resided upon was then owned by his wife, who also lived with him thereon. "The actual possession proper of the husband, of a part or all of his wife's lands, does not, in and of itself, give him constructive actual possession of his own contiguous tract." *Coal* Co. v. *Howell,* 36 W. Va. 513. The above testimony was given by Hart on the 27th day of December, 1889. According to it, the improvement on the land was made by him, after the execution of the deed by Isaacsen to Curtin & Co.

No notice to them being shown, Curtin & Co. must be treated as purchasers of the land from Isaacsen for a valuable consideration without notice of Hart's claim to, or interest in, the land; and therefore they are not, as to their demand, affected by his claim.

The deed to Curtin & Co. conveys the land to them as security for their debt due from Isaacsen. It is a mortgage, and tantamount to a deed of trust, made for the same purpose. In *Evans* v. *Greenhow,* 15 Grat. 157, the court says: "A pre-existing debt is, of itself, a valuable consideration for a deed of trust executed for its security, which deed, if it be legally recorded, and was not executed with a fraudulent intent known to the trustee, or the beneficiaries therein, will be valid, against all prior secret liens and equities, and all subsequent alienations and incumbrances." See also *Fidelity Co.* v. *Railroad Co.,* 32 W. Va. 244; *Duncan* v. *Custard,* 24 W. Va. 730; *Wickham* v. *Martin,* 13 Grat. 427; *Douglass Mdse. Co.* v. *Laird,* 37 W. Va. 687.

When Isaacsen afterwards acquired the legal title to the land from Harrison and Edwards, he thereby became the holder of said title as trustee for Hart to the extent of the interest of Hart in the land. But Hart's interest therein was and is subject to

Curtin & Company's mortgage, to the extent of the balance due to them from Isaacsen on the mortgage debt, after the proceeds of the sale of Isaacsen's interest in the land, and other property of which he was the owner, and which was conveyed to them by the mortgage has been applied to the debt.

Hart is entitled to a specific enforcement of his contract with Isaacsen for the purchase of said land against both Isaacsen and Curtin & Co. Having fully complied with the said contract on his part, he was before and at the date of, the decree appealed from, entitled to a deed for the one hundred acres of land, laid off to him by Milton Hart, surveyor, a plat and description of which is filed in the papers of the cause; but such deed and the land thereby conveyed, had the deed been then executed, would have been subject to the mortgage of Curtin & Co. to the extent hereinbefore stated. Hart was and is entitled to have Isaacsen's one hundred acres of the land, and the other mortgaged property sold, and the proceeds of the sale applied to the mortgage debt, in order to relieve his one hundred acres of the land.

The court, therefore, erred in decreeing that Curtin & Co., without further conveyance thereof, were and should be the owners in fee of said two hundred acres of land, including the one hundred acres, part thereof, claimed by Hart. The decree appealed from being erroneous and prejudicial to Hart, must be reversed and set aside; and the cause remanded to the circuit court wherein a decree must be entered in the cause, requiring said Leon Isaacsen and Curtin & Co. to convey said one hundred acres of land, as described in the plat thereof, made by said Milton Hart, and filed as aforesaid, to appellant, A. P. Hart, by an apt and proper deed with covenants of special warranty; but subject to the balance which may be due on the mortgage debt from Isaacsen to Curtin & Co., after applying on the debt the proceeds of the sale of the mortgaged property, not including Hart's one hundred acres thereof; and, upon failure of Isaacsen and Curtin & Co., or either of them, to execute such deed within a reasonable time to be given to them for the purpose, a special commissioner, to be appointed, will do so for them.

The circuit court is also directed to make and enter a decree in the cause, if any person in interest so desire, for the foreclosure of said mortgage on, and a sale of, the remaining one hundred acres of land, giving a day to Isaacsen, the mortgagor, for the

redemption thereof, but reserving in such decree the right to Curtin & Co. to proceed further against the Hart one hundred acres, if it should thereafter become necessary to do so.

*Reversed.*