# CHARLESTON.

## LOVE *v.* TINSLEY.

*(GREEN, J., absent.)

Submitted January 10, 1889. Decided January 29, 1889.

1. FRAUDULENT CONVEYANCES.

> In a suit by a judgment-creditor to set aside a deed as fraudulent it is error to set the deed aside *in toto,* as it is valid and binding between the parties to the fraud and only void as to creditors. (p. 28.)

2. RECORD.

> A judgment-creditor in his bill to enforce his judgment lien alleges, that he files as part of his bill copies of his judgment and of the lien-docket marked "Exhibit B" and "C," but "Exhibit B," the copy of the judgment, is not found among the papers or copied as part of the record. It is so probable, that "Exhibit B" never was filed but exists, and it is so necessary to a just decision of the case, that this Court will remand the case to the court below, in order that the plaintiff may have an opportunity to supply said exhibit. (p. 28 *et seq.*)

*J. B. Laidley* for appellants.

*G. J. McComas* for appellee.

ENGLISH, JUDGE:

This was a bill in chancery filed in the Circuit Court of Cabell county by S. J. Love, the object of which was to set aside as fraudulent and void a certain deed of conveyance from George F. Miller, Jr., to Lucinda Tinsley, the wife of the defendant A. Tinsley, and to sell the tract of land mentioned and described in said deed of conveyance, and subject the alleged equitable interest of said A. Tinsley in said tract

---

*On account of illness.

of land to the payment of a judgment-lien in favor of the plaintiff for the sum of $145.96 with interest and costs, which costs amount to $2.55. This judgment, the plaintiff claims, he obtained before one A. E. Nelson, a justice of the peace of Cabell county; and that on the 20th day of June, 1885, he caused said judgment to be placed on the judgment-lien-docket of Cabell county. He also claims, that he filed copies of said judgment and lien-docket as part of his bill, marked "Exhibits B and C." The plaintiff also exhibits with his bill a certified copy of the deed from George F. Miller, Jr., and wife to Lucinda Tinsley for said tract of land with the vendor's lien reserved on the face of said deed, to secure the unpaid purchase-money, as exhibit A.

The defendants, A. Tinsley, his wife, Lucinda Tinsley, and George F. Miller, Jr., filed separate answers to the plaintiff's bill. The defendant, A. Tinsley, in his answer denies, that he was indebted to the plaintiff in the early part of the year 1885. He also denies, that the plaintiff obtained a judgment against him before a justice of Cabell county on the 19th of April, 1885, for the sum of $145.96; and he denies, that plaintiff placed any such judgment upon the judgment-lien-docket in the county clerk's office of Cabell county on the 20th day of June, 1885, or that any such pretended judgment is a lien upon the land mentioned in the bill. He says also that, if any judgment was rendered against him in favor of plaintiff, as he alleges, that the same was procured by fraud and is void and of no effect; that he never had any notice by summons or otherwise of any action or judgment against him in favor of plaintiff. He denies that he owed the plaintiff anything, or that he owned any interest in the land mentioned in the bill, or that he procured the deed for said land to be made to his wife to cheat and defraud his creditors. He also denies that he bought said land, or that he paid any money therefor to said George F. Miller, Jr., or furnished any part of the consideration therefor.

The defendant Lucinda Tinsley in her answer denies, that A. Tinsley was the equitable owner or holder of the equitable title to the land in the bill mentioned, at the time the legal title was in George F. Miller, Jr., or that said A. Tinsley caused the said land to be conveyed to her by said George

F. Miller, Jr. for the purpose of defrauding plaintiff or for the purpose of hindering or delaying the plaintiff in the collection of his pretended claim, and says she bought the land herself, and made the cash-payment recited in the deed exhibited with the bill, and $67.33 on the deferred payment, and exhibits a receipt from said Miller to herself, dated March 15, 1886, for said last-named amount. She also denies, that the plaintiff obtained the judgment in the bill mentioned, or that he placed said judgment on the judgment-lien-docket of Cabell county on the 20th of June, 1885.; and she also denies, that the same, if such there be, is a lien upon said land.

The defendant George F. Miller Jr. in his answer says, that he sold the land to his co-defendant, Lucinda Tinsley, and made her a deed therefor on the 16th day of March, 1885 ; and avers that the entire transaction was between him and said Lucinda Tinsley, and that he had no contract, dealings or transaction with her husband in reference to said land ; that he had no knowledge of any fraud in any way in said transactions; and admits that she paid him the cash-payment, at the time the deed was made, and $67.00 afterwards, leaving a balance due him on the purchase-money of $239.00.

To these answers the plaintiff replied generally. No depositions were taken in the cause by either side, and on the 20th day of March, 1887, the cause was heard upon the bill and exhibits and upon the said answers and the general replication thereto ; and the court below decreed, that the deed aforesaid be set aside, annulled and held for naught, and that unless the defendant, A. Tinsley, or some one for him should within thirty days from the rising of the court pay to the plaintiff the sum of $163.98 with interest from the date of the decree and the costs of the suit, including the costs before the justice, that then the land should be advertised and sold by a special commissioner therein named.

Now, while the bill alleges, that the defendant A. Tinsley procured this deed to be made by the defendant George F. Miller, Jr., to his wife, Lucinda Tinsley, with intent to hinder, delay and defraud the plaintiff and without any consideration, yet the answers of the defendants, A. Tinsley and his wife, Lucinda, deny this allegation ; and the defendant

George F. Miller, Jr., states in his answer, that the entire transaction was with the wife, and that he had no contract or dealings with the husband, A. Tinsley. But suppose the allegations of the bill were true and uncontroverted, yet as between the grantor and grantee this deed would be valid and void only as creditors, and the court below committed an error in decreeing, that the deed from George F. Miller, Jr., to Lucinda Tinsley be set aside, annulled, and held for naught. See Warth's Code, p. 631, § 1, "Every convey-ance," etc., "with intent to hinder, delay, or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to, shall as to such creditors, purchasers or other persons, their representatives or assignees be void."

Reviewing the decisions of this Court we find in the case of *Murdock* v. *Welles*, 9 W. Va. 552, it is held : " It is error to decree such deed null and void in a decree in favor of the judgment-creditor. It should be so held as to the creditor, it being good between the parties." See, also, the case of *Duncan* v. *Custard*, 24 W. Va. 731, in which this Court holds : " Where a deed is fraudulent as to creditors, but good be-tween the parties, in a suit to subject the land to the liens of creditors it is error to decree the conveyance void *in toto;* such deed should only be declared void as to the creditors of the grantor." Many other decisions to the same effect have been rendered by this Court, but these are sufficient to show the rulings of the Court upon this subject.

The appellant however assigns as further error in this cause, that the material allegations of the bill are not sus-tained by the evidence, and that on that account it was error to decree against the defendant Lucinda Tinsley, and con-tends, that the suit should have been dismissed at the plaint-iff's cost. This assignment of error evidently refers to the allegation in the plaintiff's bill, that on the 19th day of April, 1885, he obtained before A. E. NELSON, a justice of Cabell county, a judgment against the defendant A. Tinsley for the sum of $145.96 with interest and costs, which costs amount to $2.55 ; alleging further, that a copy of said judg-ment, marked " Exhibit B," is filed with his bill, while no such exhibit appears as part of the record ; and the clerk of the Circuit Court of Cabell county certifies, that no such ex-

hibit was ever filed with the papers in the cause, but in regard to this the clerk may be mistaken. It may have been filed and subsequently lost from the file by the careless handling of attorneys or otherwise ; but if a properly certified copy of the transcript of said judgment never was filed and exhibited with plaintiff's bill, it must be conceded, that the plaintiff has not sustained his case by the evidence.

In the case of *Dickinson* v. *Railroad Co.*, 7 W. Va. 391, in the latter portion of syllabus No. 7, this Court holds : " Where the judgment is put in issue, ordinarily an authenticated copy of such abstract as docketed by the recorder will not be received as proof of the judgment, and dispense with the necessity of producing a properly authenticated copy of the judgment ; " and the Court held precisely the same in the case of *Anderson* v. *Nagle*, 12 W. Va. 98. Under this ruling it must be conceded, that it does not appear from the record, that the plaintiff has proven his case. From the record however it is manifest, that there must have been a judgment of some sort, otherwise the abstract—a copy of which is filed as "Exhibit C" with the bill—would not have been placed on the judgment-lien-docket of Cabell county ; and, if such a judgment really existed, it might easily have been proven by supplying "Exhibit B," which seems to be missing from the record.

In regard to defects of this character either in the pleadings or the evidence this Court has heretofore shown a disposition to be somewhat liberal, as will be seen by reference to the case of *Atkinson* v. *Sutton*, 23 W. Va. 197, 200, in which the Court uses the following language : " While it is generally true, that a court can be called upon only to decide causes, as the parties present them, and cannot be expected to formulate and direct the manner, in which they shall be presented, still, when from the cause as presented by the parties it is apparent to the court that the real questions sought to be determined are not brought before it, either on account of defects in the pleadings or the evidence, it is the duty of the court to require such defects to be removed before proceeding to hear the cause on its merits, or, rather, without having the merits before it ; and when an inferior court fails to discharge this

duty, the appellate court will reverse and remand the cause." And the same ruling seems to have been quoted with approval and adopted to some extent in the case of *Rogers* v. *Verlander*, 30 W. Va. 656 (5 S. E. Rep. 847).

This cause must however be reversed on account of the error in the decree in directing said deed from George F. Miller, Jr., to Lucinda Tinsley to be set aside *in toto*. See *Core* v. *Cunningham*, 27 W. Va. 207. And in accordance with the liberal rulings and practice indicated in the decisions above cited the cause is remanded to the Circuit Court of Cabell county with leave to the appellee to supply the defects in the record, and for further proceedings to be there had therein according to the principles announced in this opinion; but the appellee must pay to the appellants their costs in this Court expended.

REVERSED.    REMANDED.