# CHARLESTON.

### CONKLYN *et al. v.* SHENANDOAH MILLING Co.

Submitted February 1, 1910. Decided January 31, 1911.

1. VENDOR AND PURCHASER—*Contract for Sale of Realty—Construction of Covenant—"Keep the Property Insured."*

   A covenant in a contract of sale of real estate to keep the property insured in a certain sum, which just equals the amount of insurance on some of the buildings at the date of the contract, is a covenant to continue the insurance as it was at the date of the contract, though the coincidence here noted was not mentioned in it.

2. SAME—*Contract for Sale of Realty—Construction of Covenant.*

   Under such a contract, no abatement of purchase money can be had on account of loss by fire of a portion of the property

on which there was no insurance, the covenant having been per-
formed as here construed.

3.    SPECIFIC PERFORMANCE—*Construction of Bill.*

A bill by the vendee for specific performance of such a contract
disavowing intent to rescind, claiming right to a deed on pay-
ment of the purchase money, less an abatement, and praying
conveyance of the land and an abatement of the purchase price
in such an amount as is just and reasonable on account of the
loss aforesaid, is construed as one offering payment of all the
unpaid purchase money, in case such abatement cannot be had.

4.    SAME—*Dismissal of Bill.*

It is error to dismiss a vendee's bill for specific performance
and require him to pay the purchase money unconditionally, and
so enable the vendor to collect the purchase money without con-
veying the land.

5.    COSTS—*Costs on Appeal.*

As such errors are technical and would likely have been cor-
rected in the court below, had attention been called to them,
and the appellant fails in respect to the main matter of con-
tention, costs are decreed to the appellee as the party substan-
tially prevailing.

(WILLIAMS, PRESIDENT, absent).

Appeal from Circuit Court, Jefferson County.

Action by Magnus Conklyn and others against the Shenan-
doah Milling Mompany. Decree for defendant, and plaintiffs
appeal.

*Reversed and Rendered.*

*Forrest W. Brown* and *H. H. McCormick,* for appellants.
*Cleon Moore & Son* and *C. N. Campbell,* for appellee.

POFFENBARGER, JUDGE:

The object of the bill in this cause is specific performance of
a contract and sale of real estate with an abatement from the
purchase money, on account of failure of the vendor to insure a
building, constituting part of the purchase, which was destroyed
by fire after the contract was made. Relief was denied the plain-
tiffs, their bill dismissed and a decree entered against them for
$1,654.50, the balance of the purchase money.

The property consisted of about fourteen acres of land on
which there was a water power grist mill, a dwelling house and

out buildings. Intending to use the mill for manufacturing purposes, the plaintiffs entered into a written contract of purchase, dated February 27, 1907, fixing the price at $2,500.00, reciting payment of $1,000.00, binding the vendors to give possession April 1, 1907, execute a good deed on payment of the balance, pay taxes to April 1, 1907, "and to keep the property insured for $2,000.00 until said deed" should be "turned over." In the latter part of March, 1907, the plaintiffs took possession of the property and the mill was destroyed by fire about the middle of the next month, the deed not having been executed. There was insurance on some of the property, amounting to $2,000.00, but none on the mill, which was almost uninsurable on account of its having been unused for some years. Moore and Moore, real estate and insurance agents, made the contract of sale, on behalf of the defendant, and there is some conflict of testimony between them and the plaintiffs, as to whether the latter knew the insurance was on the dwelling alone, at the date of the purchase, but their knowledge of the fact very soon afterwards and before they took possession is admitted. All agree, too, that the plaintiffs themselves intended to insure the mill after taking possession.

The construction of the clause of the contract, relating to insurance and the effect of the admitted subsequent knowledge of the plaintiffs constitute the material questions, submitted in argument. That the insurance clause must be construed as imposing duty to insure the mill, there being no insurance on it at the time, is untenable, in our opinion. Literally "to keep the property insured" means to continue existing insurance. "The property" literally means all insurable property, but, as the mill was practically uninsurable, it must be taken to mean only such as was ordinarily and reasonably insurable. Plaintiffs knew the property was then unoccupied and must be deemed to have known that property of all kinds and in all conditions is not reasonably, readily or at all insurable. A contract, not clear and free from ambiguity, must receive a reasonable construction, found as a matter of intent in the nature and condition of the subject, the situation of the parties and the purposes they had in view, subject to the limitation of consistency with the terms used. *Armstrong* v. *Ross,* 61 W. Va. 38; *Shrewsbury* v. *Tufts,* 41 W. Va. 212; *Scraggs* v. *Hill,* 37 W. Va. 706;

*Titchenell* v. *Jackson,* 26 W. Va. 460. That the covenantor's language is to be taken most strongly against him, applies only when other means of interpretation fail to resolve the doubt. This element of doubt is included in the terms of that rule. *Banks* v. *Green,* 45 W. Va. 168; Hammon Con., section 413; Chitty Con., p. 137; 13 Cyc. 609; 2 Kent Com. 556. The light of admissible extraneous evidence dissipates all reasonable doubt. Thus far, I have stated only my own personal views on the question of construction. My associates think the clause relied upon imposed an obligation only to continue the insurance existing at the date of the contract, since the parties are presumed to have spoken of the property and insurance in the condition in which they were.

However, the court erroneously decreed payment of the balance of the purchase money unconditionally. In other words, it decreed payment without requiring delivery of a deed by the defendant. *Clarke* v. *Curtis,* 11 Leigh 559; *Snodgrass* v. *Wolfe,* 11 W. Va. 158.

A cross assignment asserts error in the overruling of the demurrer because the bill does not tender the whole of the purchase money, remaining unpaid. It averred readiness to pay this amount, less the abatement claimed. It also disavowed intention to rescind the contract and prayed a decree for a conveyance, on payment of the balance of the purchase price, less such an amount as, under the circumstances, was reasonable. This necessarily expresses willingness to pay all of it, in case no abatement can be obtained. Principles declared in *Ross* v. *Armstrong,* 61 W. Va. 38, sustain the action of the court in overruling the demurrer.

The decree dismisses the bill and requires payment of the purchase money, without providing for the execution of a deed. The answer averred willingness to execute the deed but tendered none. The decree puts it in the power of the defendant to obtain the money without conveying the property. We perceive no principle upon which such a decree can be sustained, although it is evident no wrong was intended.

For the errors in dismissing the bill and failure to require a deed from the defendant, the decree will have to be reversed; and, as the cause is complete in the record before us, a decree, requiring the plaintiffs to pay to the defendant the sum of

$1,654.50, with interest thereon from the 18th day of May, 1909, until paid, and its costs in this behalf expended in the circuit court, on the delivery by the defendant of an apt and proper deed, conveying to them the real estate in the bill and proceedings mentioned, with general warranty, such as the circuit court should have pronounced, will be entered here. As the errors aforesaid are technical in their nature and would no doubt have been corrected in the court below, had they been brought to its attention, and the appellants fail to obtain the principal relief sought by their appeal, costs in this Court will be decreed to the appellee, as the party substantially prevailing, agreeably to principles declared in *Frye* v. *Miley,* 54 W. Va. 324.

*Reversed and Rendered.*