8615

GREGORY-CONDER MULE CO. v. RODDEY.

(78 S. E. 876.)

Appeal and Error.  Remand.  Opinion.

1. There being a conflict of testimony as to terms of contract in question, and as to the assignment of the chose in action to plaintiff, it was error to direct verdict for plaintiff.
2. The Supreme Court should not, in its opinion upon reversing and remanding for a new trial, unnecessarily make a statement of the facts and their consequences, so as to raise or suggest questions which the parties have not raised at trial.

· Before Spain, J., Columbia, February, 1912.  Reversed and remanded for new trial.

Action by the Gregory-Conder Mule Company against J. B. Roddey.  From a judgment for plaintiff, defendant appeals.

*Mr. Frank G. Tompkins,* for appellant, cites: *Case should have been submitted to jury:* 68 S. C. 466; 78 S. C. 58; 40 S. C. 466.  *Issue as to payment:* 77 S. E. 722.  *Novation:* 29 Cyc. 1130.

*Messrs. Lyles & Lyles,* for respondent.

June 24, 1913.
The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action on account for a set of furniture sold to Mr. Roddey by Mr. H. A. Taylor.  The plaintiff claimed that the account was assigned to it, and that no part thereof had been paid.  The defendant, Roddey, claimed that the account had been paid by certain commissions, to which he was entitled on a sale of an automobile by the plaintiff to Taylor.  The presiding Judge directed a verdict for the plaintiff, from which defendant appealed.

There was much conflict of testimony as to whether the account was assigned or not and as to the terms of the contract between the plaintiff and Taylor in the sale of the automobile. These questions ought to have been submitted to the jury. There are four exceptions, but the above statement disposes of all that are necessary to a determination of this case. This Court might make a statement of the facts and their consequences at the various times; and, as they were affected by the change in the relations of the parties, it would be manifestly unfair to do so, as it might raise questions that the parties have not seen fit to raise, and might practically determine the facts, and this Court should do neither.

The judgment is reversed and the cause remanded for a new trial.

Mr. Justice Gage was not on the bench when this case was decided.