# CHARLESTON.

Huntington etc. Company v. Harvey Coal and Coke Co.

Submitted January 13,1914.   Decided January 20, 1914.

1. Appeal and Error—*Specific Exception—Pleading.*

A general denial in an answer of such allegations of a bill as are not admitted suffices, in the absence of specific exceptions to the denial on account of its generality, pointing out the particular allegations as to which admissions or denials are insisted upon. (p. 529).

2. MECHANICS' LIENS—*Foreclosure—Issues—Evidence.*

An essential allegation in a cause of action, though denied and so put in issue, may be sustained by very slight evidence unopposed by any to the contrary, if, on examination of the whole evidence, it appears the particular question did not impress itself upon the minds of both parties as being one in actual controversy.   (p. 529).

3. EVIDENCE—*Presumption from Failure to Produce—Mechanics' Liens.*

In such case, the obvious ability of the party upon whom the burden of proof rests to produce additional, clearer or even decisive evidence in his favor, if the allegation is true, does not decide the issue against him.  Failure to produce such evidence has that effect only in those cases in which doubt has been cast upon a prima facie case made by the party having such proof by the introduction of rebuttal evidence or otherwise.   (p. 531).

4. SAME—*Presumption of Concession—Failure to Refute.*

Failure to attempt refutation of the slight evidence in such cases or acquiescence in its effect amounts to a concessum.   (p. 531).

(ROBINSON, JUDGE, dissenting.)

Appeal from Circuit Court, Fayette County.

Suit by the Huntington Plumbing & Supply Company against the Harvey Coal & Coke Company and another. Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*Enslow, Fitzpatrick & Baker,* and *E. R. French,* for appellant.

*Dillon & Nuckolls,* for appellees.

POFFENBARGER, JUDGE:

The bill filed in this cause against the owner of a lot of land and the contractor for the erection of a building thereon, to enforce an alleged mechanics lien, was dismissed upon the theory of a failure of proof to establish the lien.   The appellant insists here upon the sufficiency of the proof, and also upon its right to relief upon the facts stated in the bill, even though the proof offered to sustain the lien should be held insufficient.

The plaintiff began its negotiations for the work as a sub-contractor, but they seem to have extended to the owner of the building, wherefore there is a claim in argument of a

direct contract between the plaintiff and the owner. Within thirty-five days from the completion of the work, a notice containing an itemized account thereof was served upon the owner; and, within the statutory period, some sort of a paper was filed in the clerk's office of the county court of Fayette County, as and for a mechanics lien as appears from an abstract thereof entered of record in said office. At the time the suit was brought, the paper was not found in the office. The bill alleges it contained all the essentials of a valid mechanics lien claim, including the affidavit required. Neither the paper itself nor a copy thereof having been produced and the validity of the claim, or rather the filing of a sufficient claim, having been denied by the answer, the principal issue in the case was whether or not the claim so filed was verified.

For the appellant it is claimed the answer does not deny the allegation that the account was verified; but there is a general denial of the filing of a sufficient account and claim and the acquisition of a mechanics lien, and this is followed by a denial in general terms of every allegation of the bill not admitted to be true. In the absence of a specific exception, pointing out the particular allegations as to which the plaintiff insists upon an admission or denial, such a general denial suffices. *Sandusky* v. *Farris*, 49 W. Va., 150, 166; *Richards* v. *Donahoo*, 16 W. Va., 685. No such exception was filed.

Some sort of a paper was filed as and for a mechanics lien upon the property proceeded against and for the demand set up in the bill. Cole, president of the plaintiff corporation, and French, its attorney at the time, both swear it was prepared for the purpose. Cole swears he personally served a copy of it upon McGuffin, secretary and treasurer of the defendant corporation. The transcript from the clerk's office proves it was filed, and the clerk declares his personal recollection of the filing thereof. Cole, French and the clerk all swear it could not be found in the clerk's office a short time after it had been partially transcribed upon a record book in the office. The clerk says he searched the file in which it should have been found and other places in the office without avail. French says he and the clerk made thorough search for it. So its loss has been fully proven.

While no witness says in terms the claim was verified or had

an affidavit appended to it, none of them in any way evaded the point. As to it no question was asked either directly or indirectly. Enough has been shown to prove the attempt to acquire a lien was deliberate. The claim thereof is not based upon conjecture, surmise or vague recollection. Cole went to Harvey to secure the money due his company. He called upon Gibson, the company's superintendent, for a settlement. Unable to secure any satisfactory arrangement through him, he proceeded to Fayetteville and, with his attorney, examined the records as to the title to the property and the contract under which Armentrout, the principal contractor, had taken the work. Then the paper was prepared, a copy of it served and the original sent to Fayetteville for recordation. French swears that, in the preparation thereof, he followed "a blank form, given in the session laws" he had just mentioned, meaning the Acts of 1903. That form includes an affidavit. It is not only appended at the end of the form of notice and claim, but referred to in the body thereof also. Thus appealing to both the eye and the mind it could not well have been overlooked. In substance and effect both Cole and French say the paper contained all the statutory requirements, and their testimony in this form is evidence of the filing of a verified claim. Being such and unopposed by any evidence to the contrary, it suffices, unless its effect is nullified by an admission. Having been shown an exhibit, purporting to be the account without the affidavit, Cole said, in one portion of his testimony, it was a correct copy of the "itemized account" he had served, and this is relied upon as such an admission. But it clearly is not. The question did not cover the entire paper. It stopped with the account embodied in it. He was not asked whether it was a copy of the paper served and recorded. Later he was asked whether the itemized account of which he had spoken was "part of that notice and lien" and replied that it was. Not merely part, but all, he said must be considered upon the inquiry for his meaning. French says the paper he prepared "contained an itemized account, consisting of 37 pages". The testimony of both shows, by necessary implication, at least, that the paper served and filed embraced more than the bare account,

and so does the memorandum in the clerk's office. This evidence is supplemented, too, by this circumstance. The stockholders recognize this claim as one for which the company was, or at least might be, liable; for, in the computation of the value of their stock for the purposes of a sale thereof, they included it among the debts of the company.

The rule requiring a party to produce decisive proof in his possession, when the evidence adduced leaves an issue in doubt, does not apply. Here there was not evidence pro and con, evidence opposing evidence. What there is all tends in the same direction and favors the plaintiff. The rule applies only when a prima facie case has been made and a doubt has been cast upon it by rebuttal evidence or otherwise. *Stout* v. *Sands,* 56 W. Va. 663.

Sometimes the conduct of the parties in the course of litigation is treated as evidence, as the rule just referred to shows, but the conduct it contemplates is not the only kind to which the courts accord the force of evidence. As Judge BRANNON observed in some case, the style of which is not now recalled, their conduct may amount to a concessum of an issuable and material fact. The first one of a series of bonds not having been produced in a suit in which it obviously had a place, if not paid, the court said, "It may be regarded as a concessum that it has been paid in some way, for the purposes of this case". *Barbour* v. *Duncanson,* 77 Va., 83.

The conduct of the defendant here purports an admission of the verification of the claim, if one was filed, or an oversight in the examination of the witnesses, which amounts to about the same thing, since, in that case, the issue as to verification was not in mind at all during the process of examination and cross-examination. The witnesses having said a claim in conformity with the statute had been filed, evidence necessarily implying verification, the defendant did not ask whether the paper was sworn to. Obviously, therefore, its attorneys either did not care to enter upon an inquiry as to that particular or inadvertently omitted to do so.

For the reasons here stated, the decree complained of is erroneous and will be reversed, and a decree will be entered here, declaring a lien in favor of the plaintiff for the unpaid

portion of its claim and remanding the cause for ascertainment of the amount due and execution in other respects.

*Reversed and Remanded.*

ROBINSON, JUDGE, *(dissenting):*

In my humble judgment the decision of the majority is wrong. It puts on a defendant, though the plaintiff neglects or is unable to prove the affirmative, the burden of proving the negative of that which by all known rules the plaintiff must first affirmatively prove. In this case the direct issue was whether or not plaintiff had filed in the clerk's office a valid mechanic's lien and served a copy of the same on the owner. Plaintiff established the loss of the paper but did not prove all its contents. It was the bounden duty of plaintiff to prove that the lien filed was a valid one under our law. Code 1906, ch. 75, sec. 3. Such a lien is not valid unless verified by affidavit as required by the law. Unless a verification is proved, a lien is not proved. One seeking to enforce a mechanic's lien must show that he has at least substantially complied with the law in affixing the lien on the property of the owner. His right thus to subject one person's property for another's debt is distinctly a statutory right. He must therefore show compliance with the statute before he at all has the right. He must therefore show compliance with the statute before he at all has the right. "To render a mechanics lien valid, it must appear upon its face that all the provisions of the statute necessary to its creation have been substantially complied with, and where by proper pleadings a fact material and necessary to its validity is put in issue, the burden is upon the one asserting the lien to establish such fact by proof." *Blowpipe Co.* v. *Spencer,* 61 W. Va. 191. "Such liens are purely creatures of the statute, and every necessary step prescribed in order to perfect such liens must be pursued in order to make them a charge against the property of the owner." *Wees* v. *Elbon,* 61 W. Va. 380. That verification is a necessary step, no one will deny. That plaintiff wholly failed to prove that there was a verification of the alleged lien soukht to be enforced in this case, can not be controverted by a proper view of the record. Not a witness says the lost paper was verified. Three witnesses who would naturally have known whether or not it was verified

were introduced by plaintiff, yet for some reason that question is not asked a single one of them. This most important requisite of a mechanic's lien is not proved, though plaintiff had full opportunity to do so if the fact existed that the alleged lien was verified. Why this omission? If implications and presumptions are to be relied on, then the implication and presumption is that plaintiff, which had the burden and the opportunity to prove the verification and did not do so, could not prove it. The majority opinion is based on an implication that the lien was verified. That implication is certainly rebutted by the opposing one just referred to herein. Besides, implication in such matter as this is not proof. The filing in the clerk's office does not prove verification. Many invalid papers are filed and recorded therein. The service on the owner does not prove verification. It is not unusual to serve copies of liens that the courts afterward find invalid. Resort to the statutory form in the preparation of the lien by the draftsman, does not prove verification. Forms are frequently followed which are not thereafter properly filled up and sworn to. The draftsman says he followed the statutory form in making out the lien, but he says no more. Was the form of verification, if he attached one, utilized by some party in swearing to the facts that it recited, in subscribing the oath, and in having the same properly attested by an official authorized to administer oaths? He does not say, nor does any other witness. No case was ever more deficient in the proof of an affirmative material fact.

Even if defendant did in some negotiation take into consideration the amount in jeojardy by reason of the claim of this alleged lien, that is no admission that the lien is valid. Nor can a material requisite of the lien be proved by any implication arising from such caution on the part of defendant. Such implication can not properly atone for plaintiff's failure to prove that which the law enjoins on him to prove.