## 9618

BAKER *ET AL.* v. METROPOLITAN LIFE INS. CO.

(91 S. E. 324.)

1. INSURANCE—LIFE INSURANCE—ACTION ON POLICY—PRESUMPTION AND BURDEN OF PROOF.—In an action upon a life insurance policy, defended on the ground that the policy by its terms was void in that insured, when it was executed and delivered, had cancer, the burden of establishing the defense was on the defendant, and plaintiffs' possession of the policy was *prima facie* evidence of their right to recover.

2. INSURANCE—LIFE INSURANCE—ACTION—QUESTION FOR JURY.—In such action, *held,* on the evidence, that whether insured was in good health when the policy was executed and delivered was for the jury.

3. TRIAL—ISSUES—QUESTION FOR JURY.—Where there is any competent evidence relevant to the case in favor of the plaintiff, the issues must go to the jury.

4. INSURANCE — LIFE INSURANCE — ACTION ON POLICY — QUESTION FOR JURY—WAIVER.—In an action upon a policy of life insurance, defended on the ground of its avoidance because insured when it was executed had cancer, evidence *held* to make the insurer's waiver a question for the jury.

5. INSURANCE — LIFE INSURANCE — EVIDENCE.—An examination of the deceased by a physician chosen by the insurer is some evidence that a disease, which under the terms of the policy would have avoided it, did not exist when the policy was executed.

6. INSURANCE—LIFE INSURANCE—EVIDENCE—WAIVER.—An examination of the deceased by a physician chosen by the insurer is some evidence that the existence of a disease, which by the terms of the policy would have avoided it, was known to and waived by the insurer.

Before HON. D. D. McColl, special Judge, Chester, November, 1915. Affirmed.

Suit by Mrs. Nannie E. Baker and another against the Metropolitan Life Insurance Company. Judgment for

plaintiffs, motion for new trial overruled, and defendant excepts and appeals.

*Messrs. Wm. Elliott, Samuel E. McFaddin* and *Edw. W. Mullins,* for appellant, cite: *As to notice to insurer through examining physician as its agent:* 95 S. C. 196. *Issue for jury:* 99 S. C. 417. *Misleading instruction:* 66 S. C. 18. *Waiver:* 88 S. E. 442.

*Messrs. Gaston & Hamilton,* for respondent, cite: *As to issue for jury:* 98 S. C. 277, 51, 52, 129; 97 S. C. 381. *Forfeitures not favored:* 144 U. S. 439; 97 S. C. 379. *Notice to insurer:* 95 S. C. 199.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is a suit on a policy of insurance on the life of Mrs. Josie Dill, in which policy Nannie E. Baker, the plaintiff in this action, is named as beneficiary. The case was tried before his Honor, D. D. McColl, as special Judge, and a jury at the November term of the Court, 1916, for Chester county. At the conclusion of all the testimony in the case, defendant's attorneys made a motion for a directed verdict in favor of the defendant on the ground that the policy in express terms states that it is void if at the time it was executed and delivered the policy the party insured had cancer, and that the evidence in the case leads to the uncontradicted conclusion that at the time of insurance and delivery of the policy insured did have cancer. This motion was overruled by the Court, and the case submitted to the jury, who rendered a verdict in favor of the plaintiff in the sum of $105, with interest thereon at the rate of 7 per cent. per annum from April 21, 1913. Thereupon a motion for a new trial

was made upon the same grounds that the motion for a directed verdict was made, and upon the further ground that his Honor committed error of law in charging the jury and the usual claim that the verdict was contrary to the evidence. This motion being overruled and judgment entered, defendant appeals, and by its exceptions raises three grounds for reversal:

1. That the Circuit Judge should have directed a verdict for the defendant. We see no error in his Honor's submitting the case to the jury. The burden was on the defendant to establish its contention that the insured had cancer before and at the time the policy was issued. The plaintiffs had the policy which was the contract of insurance, and that was *prima facie* evidence of their right to recover.

There was ample evidence to go to the jury for them to say at the time the policy was issued and delivered whether or not the insured was in good health.

The defendant's physician, who in person saw the insured, gave his opinion that she was in good health, and he recommended her as "first-class." The deceased stated in her application, which was in writing and put in evidence, that she had suffered only from "la grippe" and had employed no doctor in two years prior to the application except Dr. Cowherd. The agent of the defendant who took the application by his certificate stated that the applicant appeared to be a good risk. The defendant had ample opportunity to investigate and satisfy itself as to the statements made by Mrs. Dill before the policy was issued. If they were satisfied and issued the policy, they cannot now be heard to say that the doctor selected by them to represent them made a mistake, and that the insured was not healthy and had cancer, in the absence of a false or fraudulent representation made by the insured, and there is not the slightest evidence of this in the whole testimony, for all three of the doctors put up by the

defendant say that they did not tell her that she had cancer. There is a conflict of evidence as to whether she had cancer at all, whether it was before or after the policy was issued. It was for the jury to decide the evidence as to the issues on the case.

The defense interposed was an affirmative defense, and the burden of proof is on the defendant. Where there is any competent evidence relevant to the case in favor of the plaintiff, the issues must go to the jury to be decided by them. That has been decided so often by this Court and in so many cases that quotation of cases is unnecessary as being useless labor and "mere weariness of flesh."

This exception is overruled.

The second exception charges error that "the Circuit Judge should not have modified the defendant's two requests to charge by charging in connection therewith the law of waiver." And the third ground is that "the Circuit Judge in his general charge should not have charged the law as to waiver."

There were some circumstances in the case whereby it could be inferred that the insured thought that she had made a binding agreement with the defendant when the policy was issued and delivered to her, and she relied on this, and there was enough evidence in the case as to waiver for it to go to the jury. Wallace, the company's physician, had every opportunity to satisfy himself as to her state of health and physical condition, and if he did not see fit to do so then it was his fault. He was the representative of the company and could and should have known. They thought her a good enough risk to receive her money; she was a good risk while alive.

It has been held by this Court: "An examination of the deceased by a physician chosen by the insurer is some evidence of one or two things: Either that the disease 5, 6 did not exist, or that its existence was known to and waived by the insurer." Gamble v. Metropolitan Life Ins. Co., 95 S. C. 196, 78 S. E. 875.

In view of all the evidence in the case, we fail to see that the Circuit Judge was in error. All exceptions are overruled.

Judgment affirmed.