# CHARLESTON.

## DICKINSON v. FOSTER *et al.*

### Submitted February 12, 1918.   Decided February 26, 1918.

1. INJUNCTION—*Title of Complainant—Sufficiency of Bill.*

    The bill in this cause by a lessee to enjoin defendants as lessors from cutting and severing a pipe line laid down on the leased premises to transport gas over said land from a gas well on an adjoining tract, which does not allege any right or title given by deed or lease or otherwise in the plaintiff, is insufficient in law, and the demurrer thereto was properly sustained. (p. 741).

2. LICENSES—*Laying of Gas Pipe—Consideration—Revocation.*

    A mere verbal license by the owner or his agent to lay down such a pipe line without consideration therefor and when no fraud has been practiced, is, as a general rule, revocable at pleasure, and the licensee can not maintain a bill to enjoin such licensor from revoking such license or from obstructing him in the use of his land for such pipe line. (p. 742).

3. COSTS—*Injunction—Bill—Amendment—Costs.*

    Where in such a bill the relationship of landlord and tenant exists, between plaintiff and defendant, and the answer tendered and filed with the demurrer discloses facts which indicate that the plaintiff may by amendment make out a good case for relief, the bill should not be dismissed, nor the preliminary injunction awarded dissolved, without first giving the plaintiff an opportunity to amend his bill. But if the plaintiff does not ask leave to so amend his bill before dismissal and the decree is reversed for the error in not giving him leave to amend, he will not be decreed costs as the party substantially prevailing upon the appeal. (p. 742).

Appeal from Circuit Court, Boone County.

Suit by J. Q. Dickinson against Thomas L. Foster and others. Decree for defendants, and plaintiff appeals.

*Reversed and remanded.*

*Linn & Byrne*, and *Murphy & Wade*, for appellant.

*Leftwich, Byrnside & Shaffer*, for appellees.

MILLER, JUDGE:

·The bill by which plaintiff sought to perpetually enjoin defendants from cutting, severing, or in any way injuring or destroying a pipe line laid upon their lands as alleged therein, and also from molesting or in any way interfering with him in the maintenance and operation of said pipe line for transporting natural gas from a gas well on an adjoining tract, was dismissed on demurrer, and the preliminary injunction was, on defendants' motion, wholly dissolved and all relief denied.

While it was alleged that plaintiff by assignment had become the owner of the lease for oil and gas purposes executed by defendants in June, 1899, covering the tract of land referred to and the two gas wells thereon and of all rights given the lessee therein, and from which well gas had been piped first to the City of Charleston, and later by plaintiff to his salt works near the town of Malden, the terms of the lease were not otherwise alleged. Nor was it alleged that the lease granted any right to lay down pipe lines over the leased premises, and the lease itself is not exhibited with or made a part of the bill for any purpose.

And the only allegation made with respect to the right or claim of plaintiff to use said land for laying down pipe lines for transporting gas from the adjoining tract or the gas well thereon is that after he purchased said well in 1914, and desired to connect said well with the gas wells on the Foster tract, the defendant Thomas L. Foster, husband of the other defendant, who owned the land, suggested a route which a pipe line across her land to the .well on said adjoining tract should follow, and which was adopted and followed by plaintiff, and that during the construction thereof said Foster was employed by plaintiff to assist and did assist therein by delivering the pipes and fixtures therefor and in various other ways aided therein, all of which were approved by his wife, and when completed said pipe line was used and continued to be used for transporting said gas up to the time of instituting

this suit, and whereby defendants were estopped from deny-
ing plaintiff the full right to maintain and operate the same,
and have no right to molest or interfere with him therein, as
they had notified him they intended to do on a day named by
cutting and severing the same so as to prevent his use thereof
as aforesaid, wherefore his prayer for an injunction as set
forth in the bill.

So the bill is not predicated on the theory of right given
by deed or lease or even by parol contract outside of and in-
dependent of the lease, but upon the theory of estoppel by
conduct on the part of the husband, as agent of the wife and
binding her, in pointing out the location and actually assist-
ing in the construction of the pipe line and for which sup-
posed right the bill alleges no consideration.

Did the bill present a good cause for an injunction? We
think not. And while, along with their demurrer, defendants
filed their answer, sworn to, and with which they filed and ex-
hibited a copy of their said lease, the decree in no way dispos-
es of the answer, nor was it considered in dismissing the bill.
The proposition that injunction is the proper remedy to pre-
vent the obstruction or interference with a private right of
way, existing and irrevocable is not controverted. The ques-
tion is whether plaintiff has shown by his bill the existence of
any such right by deed or otherwise. As observed no deed or
contract giving the right is alleged. The position of plain-
tiff's counsel is that the case is ruled by *Tufts* v. *Copen,* 37
W. Va. 623. That was quite a different case. There a parol
contract for a right of way and for a money consideration
paid was distinctly alleged and proved, and though in parol,
it was decided that as the licensee had pursuant to the con-
tract at considerable expense and under defendant's immedi-
ate observation, constructed the tram road in question and for
some time had operated it, equity would enjoin her from ob-
structing the way and thereby defeating its use. Such a case
is not presented here. Nor is the case here ruled in any way
by *Flaherty* v. *Fleming,* 58 W. Va. 669, or *Coal Company* v.
*Hatfield,* 75 W. Va. 148. In both these cases the rights as-
serted and adjudicated were predicated on deeds pleaded and
relied on in the bills.

If any right can be extracted from the facts alleged in the bill in this case it is by way of estoppel by conduct of one of the defendants in pointing out the location and in assisting plaintiff in laying the pipe line, and so far as shown a bare license or privilege without consideration and for an indefinite time to occupy the land with the pipe line. Such a license, constituting a burden upon land, even where predicated on a parol agreement, is generally held to be revocable at the pleasure of the licensor. *Pifer v. Brown*, 43 W. Va. 412; *Montgomery* v. *Economy Fuel Co.*, 61 W. Va. 621, 626. As was said in the latter case, so it may be said in this, so far as the bill shows, ''no fraud was practiced by the lessors, and no conduct is charged against them by which the lessee was misled.'' Plaintiff alleges ignorance of no fact affecting his right to lay down the pipe line, or by which he was misled by the defendants or either of them. So we think the demurrer was properly sustained.

But should the court have dismissed the bill on demurrer? No leave was given to amend before doing so. It was suggested in argument that no request to amend was made, and so far as the decree shows this is true; but did this fact justify summary dismissal without leave to amend? The answer of defendants was before the court, and contained a confession not of any contract alleged for a right of way, but of the relationship of landlord and tenant or lessors and lessee, and of a contract or license inferable perhaps from facts alleged, and an independent agreement to lay down said pipe line upon a condition subsequent that plaintiff would locate and drill on said land an additional well for oil or gas, but which the answer alleges had been broken by plaintiff. This answer at least suggests that the plaintiff may be and probably will be able to make a good case for an injunction by amendment. So it appears that the real merits of the case were not presented by pleadings or proofs. In such cases before dismissing the bill the practice is to give leave or require the pleadings to be amended, and it is reversible error not to do so. *Love* v. *Tinsley*, 32 W. Va. 25, 29; *Rogers* v. *Verlander*, 30 W. Va. 619; *Blue* v. *Campbell*, 57 W. Va. 34,

36; *Doonan* v. *Glynn*, 26 W. Va..225, 228; *Ritchie County* *Bank* v. *Bee*, 62 W. Va. 457, 462, and cases cited.

And where as here it appears that plaintiff will probably be able to make a good case by pleadings and proof and is. likely to suffer great loss and inconvenience by a dissolution. of the injunction, and defendants will suffer no substantial. injury by maintaining the injunction in force, the court. should not dissolve the injunction until final hearing on the merits. *Robrecht* v. *Robrecht*, 46 W. Va. 738, 740, and cases cited; *Rorer* v. *Building & Loan Ass'n.*, 55 W. Va. 255.

For these reasons we are of opinion to reverse the decree and remand the cause, with leave to plaintiff, if so advised, to amend his bill within a reasonable time to be prescribed by the court, and if not, to be thereafter dismissed. But as. plaintiff was derelict in not asking leave to amend, he cannot. within the rule of *Frye* v. *Miley*, 54 W. Va. 324, point four of the syllabus; *Towner* v. *Towner*, 65 W. Va. 476, 484, and *Conklyn* v. *Milling Co.*, 68 W. Va. 567, 571, be regarded as the party substantially prevailing, wherefore the reversal of the decree will be without costs against the appellees.

*Reversed and remanded.*