## 9881

### WINGO v. NEW YORK LIFE INS. CO.
### MAXWELL v. SAME.
#### (99 S. E. 436.)

Two cases tried and heard together.

1. INSURANCE — LIFE INSURANCE — FALSE REPRESENTATION IN APPLICATION—EVIDENCE—QUESTION FOR JURY.—In suit on life policy involving issue whether insured in his application for insurance had knowingly made false representation that he had not suffered from any disease of the lungs, and had not been treated by a physician for any such disease, case *held* for the jury

2. INSURANCE—LIFE INSURANCE — FRAUD—GOOD CHARACTER OF INSURED.—In action on life policy, the jury could take into consideration the evidence of good character of insured, in determining the allegation of fraud and deceit alleged by defendant to have been practiced by insured.

Before RICE, J., Spartanburg, —— term, ——. Reversed, and new trial granted.

Action by Annie L. Wingo against the New York Life Insurance Company, and by Augustus L. Maxwell against the same defendant. The cases were tried together by consent. Judgment for defendant, and plaintiffs appeal.

*Messrs. Nicholls & Nicholls* and *John Gary Evans,* for appellants, submit: *There is only one question in the case:* (1) *Was there any testimony upon which the jury could base a verdict for the plaintiffs? Every page of the case is bristling with testimony in favor of the plaintiff's case:* 72 D. E. 213; 207 Fed. 481; 29 S. C. 615; 118 Ill. 261; 103 Ill. 534;

85 Ill. 143; 94 N. W. 568; 120 Iowa 203; 66 Mass. 416; 36 N. E. (N. Y.) 739; 29 S. E. (Ga.) 615; 53 N. E. (Mass.) 398; 173 Mass. 197; 102 N. W. 1020; 56 N. E. 908 (Ohio); 2 So. (Ala.) 125; 25 Cyc. 796, 912; 20 Me. 125; 25 Cyc. 863, 4, note 53; 62 N. E. (N. Y.) 763; 68 N. Y. 434; 22 N. E. 954; 25 N. E. 299; 52 S. C. 228; 75 S. C. 320; 81 S. C. 157; 53 N. Y. 603.

*Messrs. Jas. H. McIntosh* and *Thomas & Lumpkin,* for appellant, submit: *Failure to disclose names of physicians consulted is most material to the risk:* 83 S. C. 239; 87 Atl. 428 (Penn.); 254 Ill. 80; 95 Atl. 104; 241 U. S. 613; 186 Pa. St. 629; 40 Atl. 1100; 96 Pac. 62; 163 N. C. 367; 79 S. E. 80; 153 Mass. 176; 26 N. E. 230; 231 U. S. 543. *Wingo knew he had tuberculosis of the lungs when he signed the medical examination, and tuberculosis has always been held material by the Courts:* 55 Atl. 23; 65 Am. St. Rep. 887. *False statements of material facts are necessarily fatal to contracts of life insurance:* 61 S. C. 342; 80 S. C. 395; 83 S. C. 239; 83 Fed. 631; 55 Atl. 23; 65 Am. St. Rep. 887; 35 Atl. 1032; 59 Atl. 116; 100 Fed. 126; 80 S. C. 395. *As to action of the defendant company when it discovered the truth:* 117 U. S. (29 L. Ed.) 938.

January 26, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

These two cases were tried together by consent of counsel before Judge Rice, and a jury, at Spartanburg, S. C. The Court, upon all the facts being in and on motion of defendant's counsel, directed a verdict in favor of the defendant in both cases. After entry of judgment plaintiffs appeal, and by three exceptions present the only question in the case: Was there any testimony upon which the jury could base a verdict for the plaintiffs?

A careful reading of the evidence satisfies us that there was ample testimony to submit the case to the jury. There was an irreconcilable conflict between the testimony introduced in the case, particularly that of Dr. Bunch and that of Dr. Black, one on the part of the plaintiff and the other on the part of the defense. Dr. Bunch was the agent of the defendant when he examined the applicant for the insurance policies sued on, and he testified that Wingo never had suffered from tuberculosis and had no spot or focus on his lung. Dr. Black, in behalf of the defendant, testified to the effect that Wingo did have tuberculosis, as he thought, and had a focus on his lung that any doctor could discover.

The evidence of Crews, the agent, who solicited the insurance and who was charged with ascertaining the facts of Wingo's health when he applied for insurance, was to the effect that Wingo was healthy and had no signs of tuberculosis. This testimony certainly should have been submitted to the jury.

Justice Fraser, in *Gamble v. Insurance Co.*, 95 S. C. 199, 78 S. E. 876, uses this language: "An examination of the deceased by a physician chosen by the insurer is some evidence of one or two things: Either that the disease did not exist, or that its existence was known to and waived by the insurer."

His Honor erred in finding facts that were exclusively the province of the jury.

The defendant charged Wingo with fraud and misrepresentations in obtaining the policies. All of the witnesses swore to Wingo's reputation for truth and honesty. The Circuit Judge took from the jury the right to pass upon the weight of the testimony. This was exclusively for them to weigh and determine the facts of the case and determine which was correct, the evidence of the plaintiff or that of the defendant.

The jury in arriving at their verdict could take into consideration the evidence of good character of the deceased in determining the allegation of fraud and deceit alleged by the defendant to have been practiced by him. All of the evidence, facts, and circumstances brought out in the case should have been submitted to the jury for their determination.

The exceptions are sustained.

Judgment reversed, and new trial granted.