10140

JOHNSON v. METROPOLITAN LIFE INS. CO.

(98 S. E. 140.)

INSURANCE—FALSE REPRESENTATIONS—WAIVER—QUESTIONS FOR JURY.—
In action on life policy, defended on the ground of false represen-
tations of insured that she did not have tuberculosis, and had not
been under the care of physicians for more than two years, whether
defendant by issuing policy waived misrepresentations *held*, under
evidence, for the jury.

Before MEMMINGER, J., Richland, Spring term, 1918.
Affirmed.

Action by Edward Johnson, as administrator of Nellie T.
Johnson, deceased, against the Metropolitan Life Insurance
Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Wm. Elliott* and *Jas. H. Fowles,* for appellant,
cite: *As to false representations made by the insured in pro-
curing the policy:* 53 Oregon 102; 17 Ann. Cas. 1199; 61
S. C. 342; 120 U. S. 183; 117 U. S. 533; 107 S. C. 23. *As
to claim of waiver:* 95 S. C. 199; 25 Cyc. 864; 183 U. S.
309; 25 Cyc. 859; 92 Tenn. 508; 22 S. W. 204.

*Messrs. R. E. Carwile* and *Jas. S. Verner,* for respondent.
*Mr. Verner* submits: *An examination by a physician of the
insurer is evidence of the fact that the insured either did
not have the disease in question, or that the insurer knew
that the insured did have such disease, and issued the policy
notwithstanding such knowledge:* 106 S. C. 519. *There
was ample evidence to warrant the submission of the
case to the jury on the question whether the insurer knew
that the statements contained in the application were not
true. If the defendant knew these statements to be false
and nevertheless issued the policy, the defendant is bound by
its contract, and cannot escape liability by showing that the
answers to the questions in the application were not true.*

January 28, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for the recovery of $500 under a policy of insurance on the life of Nellie T. Johnson.   The case was tried before Judge Memminger and a jury, and resulted in a verdict in favor of plaintiff for $500.   At close of plaintiff's evidence the defendant made a motion for nonsuit, which was refused.   When all the testimony was in, the defendant made a motion for a directed verdict in its favor, which was refused.   After verdict a motion for new trial was made and refused.   After entry of judgment defendant appeals, and imputes error to his Honor in overruling defendant's motion for a directed verdict; both of these motions being on the ground that "the undisputed evidence was that the insured procured the policy because she represented to the insurer that she and her husband were free from tuberculosis, and knew these representations were false," and, further, "that she had not been under the care of a physician for more than two years, and she knew these representations were false," and in his Honor's charge "he left it to the jury as a question of fact whether or not the defendant by the issuance of the policy waived misrepresentations made in order to procure it where there was no evidence that the defendant's agents knew the representations to be false or in any way colluded with the insured."   If there was any competent evidence in the case, it was the duty of his Honor to send the case to the jury.   Bouknight, a witness for the defendant, testified:

"I delivered this policy to Nellie Johnson, and was present at the time the application was signed.   I delivered the policy to the same woman who signed the application.   This all happened at College street house, although she gave her address as Lincoln street.   A photograph of the application is attached to the policy.   I heard all of the questions read over to her, and her answers were properly recorded by Mr. Gregory."

Further, witness testifies:

"Harry Johnson applied for a policy in the Metropolitan about the same time his wife, Nellie, applied.    The company passed favorably on both applications, but when Harry's policy came and was taken down to his house to be delivered it was discovered that he was sick in bed.    For this reason the policy on Harry's life was never delivered.    We understood that he had consumption."

This testimony, with other evident facts and circumstances in the case, was sufficient for the case to be submitted to the jury under *Gamble v. Metropolitan Insurance Co.*, 95 S. E. 196, 78 S. E. 875; *Baker v. Metropolitan Life Ins. Co.*, 106 S. C. 419, 91 S. E. 324; *Patrick v. English*, 99 S. E. 434; *Wingo v. Insurance Co.*, 99 S. E. 436.

The exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE HYDRICK dissents.