RALEIGH COUNTY BANK *et al. v.* ELIZA BALL *et al.*

(No. 7246)

Submitted October 18, 1932.   Decided October 25, 1932.

*Ben H. Ashworth* and *David G. Lilly, Jr.,* for appellants. *A. P. Farley,* for appellees.

LIVELY, JUDGE:

The purpose of the bill, filed by a judgment creditor of Eliza Ball, is to set aside as fraudulent, void, and voluntary, a deed made by her and her husband, E. L. Ball, to Myrtle Lilly, a niece of Eliza Ball, dated February 7, 1930, conveying certain valuable real estate in or near the city of Beckley.

The decree dismissed the bill on the ground that plaintiff had failed to show that it was a creditor of Eliza Ball at the time the deed was made.

The bill, under oath, alleged that on the date of the deed and a long time prior thereto, defendant Eliza Ball was indebted to plaintiff, as endorser upon two certain promissory notes owned by plaintiff, made by one L. Young, one note for $200.00, and the other for $250.00 with C. L. Kambouris as second endorser, and that the first note became due on February 2, 1930, and the second on February 13, 1930, and both notes not being paid, plaintiff bank sued thereon before Cottle, a justice of the peace, and judgment was rendered on each note on February 26, 1930, against Eliza Ball in the respective sums of $200.80 and $250.55 and costs in each case. Transcripts of the judgments are exhibited with the bill. The bill further charged that the deed of February 7, 1930, was made for the purpose of hindering, delaying and defrauding plaintiff in the collection of the said notes; that no consideration passed for the deed and that the same was

purely voluntary; and that the grantee knew of the fraudulent purpose of the deed.

Eliza Ball did not answer, and the bill was taken as confessed by her. Myrtle Lilly answered under oath, saying that she had no knowledge of the existence of the notes alleged to have been endorsed by Eliza Ball, and asking for strict proof concerning them. She denied each allegation of the bill not admitted to be true by her; she denied participation in any fraudulent intent to defeat plaintiff's debt, saying that she had no knowledge of the existence of the alleged debt. There were not exceptions to the answer. The parties took evidence, and upon the hearing, the court did not consider the cause on its merits, but dismissed the bill because plaintiff failed to show that it was a creditor of Mrs. Ball at the time she made the deed in question, dated February 27, 1930.

The general denial in the answer of all the material allegations of the bill not admitted to be true, put the plaintiff upon proof. Mrs. Lilly, in effect, denied the existence of Mrs. Ball's indebtedness to plaintiff as an endorser on the notes; and, in effect, denied the existence of the notes. The mere averment in the answer that respondent had no knowledge of the existence of the alleged notes or that Mrs. Ball was the first endorser thereon, and calling for strict proof, is not a denial of the allegation; but a general denial of all material allegations is sufficient, if not excepted to, and puts plaintiff to proof. *Richardson* v. *Donehoo,* 16 W. Va. 685. In *Warren* v. *Syme,* 7 W. Va. 476, this court, in construing the statute (now 56-4-60, Code 1931, ''Every material allegation of the bill not controverted by an answer * * * shall, for the purposes of the suit, be taken as true and no proof thereof required'', on which statute plaintiff relies in this suit to relieve it from proof of the existence of the debt antecedent to the deed), said: ''If the defendant does not answer properly, the plaintiff may except to the answer. When, however, he fails to do so, a general denial of the allegations of the bill, will make it necessary that the plaintiff shall prove the facts alleged and so controverted, that are in their nature affirmative.'' This rule has been followed by many subsequent decisions. *Hogan's Admr.* v. *Piggott,* 60 W. Va.

541, 56 S. E. 189; *Huntington, etc., Co.* v. *Harvey Coal & Coke Co.*, 73 W. Va. 527, 80 S. E. 871. See Michie's Annotated Code of West Virginia 1932, p. 1771, sec. 5615. Plaintiff controverts this rule as follows: "Where a defendant in chancery in her answer makes specific reference to an allegation in the bill and says she knows nothing about it, a general denial does not override that specific reference and place the burden on the plaintiff to prove the allegation;" and reliance is had upon *So. Timber Co.* v. *Newport Land Co.*, 106 S. E. 103, a Georgia decision. One case of *Hogan* v. *Piggott*, 60 W. Va. 541, 56 S. E. 189, denies plaintiff's contention. There, the respondents had said they were not advised as to the truth or falsity of certain averments of the bill. The court said (p. 544 of 60 W. Va., 56 S. E. 189): "If the protestations of want of knowledge of their truth had been accompanied by a general denial, it would have devolved upon plaintiff to prove the facts, but a mere averment of want of personal knowledge is not a denial of the allegations. A general denial of all material allegations will be sufficient, if not excepted to." See also *Dent* v. *Pickens*, 59 W. Va. 274, 53 S. E. 154, 160.

We now come to a discussion of the only evidence of the existence of the notes on which Mrs. Ball was liable prior to the time of deeding her property away, February 7, 1930. Mrs. Lilly's answer admits the fact of the judgments rendered in favor of the bank against Mrs. Ball on February 26, 1930. Inspection of the transcripts of the judgments, which are exhibited with the bill, reveals that both judgments correspond with the description of the notes set out in the bill. One note for $200.00 is averred to have become due on February 2, 1930, and the judgment was for $200.80 on February 26, 1930. The amount of the judgment strongly tends to tie the judgment to the note, the interest thereon being the sum of eighty cents. The other note of $250.00 is averred to have become due on February 13, 1930, and the judgment is for that amount plus fifty-five cents, the exact amount of the interest for thirteen days. It is quite apparent that there is evidence at hand which will clear up the uncertainty of the character of Mrs. Ball's debts (carried into judgments)

prior to the execution of the deed. In that state of the pleadings and the evidence, as shown by the transcripts, we think the chancellor in the interest of justice should have required the parties to make certain an uncertainty, and called for fuller proof, if not satisfied with evidence contained in the transcripts of the judgments. And as it is plainly apparent that satisfactory evidence is readily available, we have concluded to reverse the decree and remand the cause for the purpose of permitting further and fuller development. Mrs. Lilly says she knows nothing of the alleged notes, and denies generally all the material allegations of the bill. The transcripts of the judgments read with the allegations of the bill tend strongly to prove that there were existing debts at the time the deed was executed. Under the record of this case, we are of opinion that the technical rule should not be so strictly applied as to cut off a substantive right. Can we say the transcripts prove debts against Mrs. Ball, were incurred prior to the deed? That question is debatable, and being so, with full proof plainly at hand, the court, as above indicated, should have declined to accept the cause for decision. *Cook* v. *Lumber Co.*, 74 W. Va. 503, 82 S. E. 327; *Love* v. *Tinsley*, 32 W. Va. 25, 9 S. E. 44.

The decree is reversed and the cause remanded for further development.

*Reversed and remanded.*