LIBERAL CLOTHING COMPANY, a *Corporation v.* DELSON REALTY COMPANY, a *Corporation*

(No. 8925)

Submitted October 24, 1939. Decided December 12, 1939.

*Rummell, Blagg & Stone,* for plaintiff in error.

*Koontz & Koontz, W. Elliott Nefflen,* and *Harry B. Lambert,* for defendant in error.

MAXWELL, JUDGE:

To a judgment based on verdict in favor of the plaintiff for $225.00, the defendant obtained this writ of error. The action is for damages for the removal of plaintiff's electric sign, placed and maintained by it over the front entrance of a storeroom occupied by the plaintiff under lease from defendant's predecessors in title.

On June 23, 1933, plaintiff leased from the owners for a term of three years a ground floor storeroom of a three-story building on Capitol Street in the City of Charleston.

After the execution of the lease, but before occupancy by plaintiff, it obtained from a representative of the lessors verbal permission to place a sign on the front of the building directly over the entrance of the leased room, and extending from the ceiling of the storeroom to about the middle of the third story.

August 28, 1936, the plaintiff entered into a second lease for an additional term of three years, no provision being made in the lease relative to plaintiff's sign.

Approximately one year later the defendant acquired the ownership of the building and immediately started a remodeling program which necessitated the removal of the sign.

Upon the plaintiff's refusal to remove the sign on written request, the defendant took down the sign and placed it in storage.

The basis of plaintiff's alleged damages is the value of the sign.

On defendant's motion to set aside the verdict of the jury, the trial court concluded that the plaintiff had the right to maintain the sign on the building for the term of the tenancy, and for this reason overruled the motion.

Defendant contends that the parol permission to erect the sign was a mere license which could be revoked at the will of the landlord. Further, that upon termination of the license by the lessors or their assigns, there could be no liability for removing the sign. The court refused defendant's instructions based on these principles. This is assigned as error.

For the plaintiff it is argued that the execution of the second lease, with knowledge on the part of the lessors that the sign was still attached to the building and being used by the tenant, amounted to a license coupled with an interest and therefore irrevocable for the term of the second lease. We cannot share that view. In the beginning, the agent of the lessors gave a mere gratuitous consent for the erection of the sign by the lessee. The situation remained unchanged except for the renewal lease for an additional term and the subsequent purchase of the building from the original lessors by the defendant. Neither lease contains any reference to the maintaining of a sign by the plaintiff. We are unable to perceive how the mere privilege could become enlarged or ripen into a fixed right in the absence of an express understanding to that effect between the parties.

That there is diversity of authority on the question of whether such privilege is revocable or irrevocable is recognized, but this court has followed the rule that in the absence of fraud, a mere parol or implied license may be revoked at the pleasure of the licensor. *Pifer* v. *Brown,* 43 W. Va. 412, 27 S. E. 399, 49 L. R. A. 497; *Montgomery* v. *Economy Fuel Co.,* 61 W. Va. 620, 626, 57 S. E. 137; *Salinger* v. *Woolen Mills Co.,* 70 W. Va. 151, 73 S. E. 312, 39 L. R. A. (N. S.) 350; *Dickinson* v. *Foster,* 81 W. Va. 739, 95 S. E. 196; *Ramsey* v. *Reid,* 83 W. Va. 197, 98 S. E. 155. We adhere to the principle enunciated in those cases and make application thereof to the case at bar.

Defendant places reliance on the case of *Pevey* v. *Skinner*, 116 Mass. 129, which likewise involved the right of a tenant to maintain a sign in connection with a lease. The holding in that case is not persuasive in this instance, first, because there the controversy was between two tenants of the building, each claiming a superior right to use sign space on the same wall of the building; and further because the tenant whose right was unsuccessfully attacked had obtained his lease long after his sign had been erected, and the lease contained a provision whereby he was granted "all the privileges thereto belonging." It would therefore seem that under the terms of the lease there was an incontestable right to maintain the sign for the period of the lease.

In a later case, the same court, in dealing with an oral permission to the owner of land to insert timbers into the wall of a building of the abutting owner, considered the permission a license giving the licensee no interest or estate in the property on which the license was exercised, and therefore revocable at the will of the servient owner. *Hodgkins* v. *Farrington*, 150 Mass. 19, 22 N. E. 73.

Where, as in the instant case, the lessee has placed improvements with the consent of the lessor, and the lessor revokes that consent by notice given the lessee, the latter has a reasonable time within which to remove the improvements. *Ramsey* v. *Reid, supra.* It follows *ex necessitate* that if the licensee refuses to avail himself of the opportunity of removal, the owner of the premises may remove the improvements and preserve them to the licensee without liability on the owner.

For the reasons set forth we are of opinion that error was committed at the trial to the prejudice of the defendant. The judgment of the circuit court is therefore reversed and the case remanded for further proceedings.

*Reversed and remanded.*